## F. HERF AND E. DITTMAR v. JOHN H. JAMES ET AL.

### No. 67.

**1. Mandamus.**

Before issuing citation to show cause in an application for mandamus, this court may examine the petition, in order to ascertain whether it states a case in which it has jurisdiction, either original or appellate.. 230

**2. Jurisdictional Allegation.**

Application for writ of error must show that the case was not within the jurisdiction of a County Court. See example ...... ............... 231

**3. Certificate of Dissent.**

The jurisdiction of the Supreme Court from certificate of dissent in a Court of Civil Appeals, obtains only in such judgments of that court as are not final and conclusive. As to cases where the decision of the Court of Civil Appeals is final, no jurisdiction can exist from certificate of dissent........................................................ 232

**4. Validity of Statute.**

Facts rendering necessary the construction of the clause of the State Constitution disqualifying a judge of a Court of Civil Appeals because interested in the case, do not present a case involving the validity of the statute upon the same subject; the disqualification being under the Constitution........................................................ 233

APPLICATION FOR MANDAMUS to compel the Court of Civil Appeals for Fourth District to certify a dissent to the Supreme Court, to the end that the Supreme Court take jurisdiction of the case. The appeal is from Bexar County.

*Tarlton & Altgelt*, for application.

STAYTON, CHIEF JUSTICE.—Plaintiffs make application for writ of mandamus to compel the judges of the Court of Civil Appeals for the Fourth Supreme Judicial District to certify to this court for decision a case in which there was dissent as to the qualification of one of the judges of that court.

Before parties will be cited to show cause why such relief should not be granted, the petition will be looked to, in order to ascertain whether

it states a cause in which this court has jurisdiction, either original or appellate.

The petition in this case simply shows that plaintiff recovered a judgment in the District Court for Bexar County, against the county, for $600 as damages for opening a public road over land owned by them, and that upon appeal to the Court of Civil Appeals that judgment was reversed and judgment rendered in their favor for only $180, with interest from a date mentioned.

The inference from the petition is, that the judgment was rendered by the District Court in a condemnation proceeding, originating in the County Commissioners Court and appealed to the District Court.

There is no averment showing a case over which a County Court would not have either original or appellate jurisdiction; and in the absence of such averments, it can not be presumed that the District Court rendered the judgment in the exercise of its exclusive original jurisdiction.

If this court has power to grant the relief asked, it is under its appellate jurisdiction.

Plaintiffs base their right on the statute, which prescribes, that "When any one of said Civil Courts of Appeals shall in any cause or proceeding render a decision in which any one of the judges therein sitting shall dissent as to any conclusions of law material to the decision of the case, said judge shall enter the grounds of his dissent of record, and the said Court of Civil Appeals shall, upon motion of the party to the cause, or on its own motion, certify the point or points of dissent to the Supreme Court." Act May 13, 1893, sec. 32.

Section 34 of the act declares, that "After the question is decided, the Supreme Court shall immediately notify the Court of Civil Appeals of their decision, and the same shall be entered as the judgment of said Court of Civil Appeals."

This is one of the modes through which the Supreme Court is permitted to exercise its appellate jurisdiction over judgments of Courts of Civil Appeals; and in such cases its judgments are as final and conclusive as though rendered on writ of error.

If the statute is to be construed and applied literally, there is no class of cases in which the jurisdiction of Courts of Civil Appeals is final and conclusive on law and fact; for there is no class of cases in which dissent may not occur.

That it was not intended that some classes of cases should be decided by the Supreme Court, and that as to them the decisions of Courts of Civil Appeals should be final and conclusive on law and fact, is clearly evidenced by the statute, which declares, that "The judgment of the Courts of Civil Appeals shall be conclusive in all cases upon the facts of the case, and a judgment of such courts shall be conclusive on facts and law in the

following cases, nor shall a writ of error be allowed thereto from the Supreme Court, to-wit:

"(1)  Any civil case appealed from a County Court, or from a District Court when under the Constitution a County Court would have had original or appellate jurisdiction to try it, except in probate matters, and in cases involving the revenue laws of the State or the validity of a statute.

"(2)  All cases of boundary.

"(3)  All cases of slander and divorce.

"(4)  All cases of contested elections of every character other than for State offices, except where the validity of a statute is attacked by the decision."    Sec. 5.

These seemingly conflicting provisions are found in the same act, and should each be given effect, which can only be done by limiting sections 32, 33, and 34 to such cases as Courts of Civil Appeals are not given final and conclusive jurisdiction over both as to law and fact.

The contention that the statute first noticed, and on which plaintiffs rely, applies *to every case or proceeding* in which dissent occurs, whether that be a case of which jurisdiction is given to this court or not, can not be sustained.

The facts on which it is claimed that one of the judges of the Court of Civil Appeals was disqualified to sit in the case in which there was dissent were, that he owned property in Bexar County subject to taxation, and in fact taxed, and therefore his liability as a taxpayer may be diminished or increased by the judgment to be rendered by that court.

It is thus seen that the ground of disqualification asserted is not that the judge *has an interest in the question to be decided*, as the word *interest* is used in the *statute* declaring the disqualifications of judges of the Courts of Civil Appeal, but that he is *interested in the result of the action* pending before the court.

The Constitution declares, that "no judge shall sit in any case in which he may be interested;" and to determine whether the judge was interested in the case, because a taxpayer, it would become necessary to *construe the Constitution* to determine what is meant by *interest in a case;* but section 5 of act referred to does not give jurisdiction to this court over cases which, under the Constitution, County Courts would have original or appellate jurisdiction, wherein it becomes necessary to *construe and apply the Constitution*, but in that class of cases it is given *in cases involving the validity of a statute*.

The *statute* provides, that "no judge of the Court of Civil Appeals shall sit in any cause wherein he may be *interested in the question to be determined*."

If the facts claimed to work disqualification made it necessary to determine whether this statute be valid, then the Supreme Court would

have jurisdiction; but if the judge be disqualified, it is because the Constitution, and not the statute, declares the disqualification; hence the validity of the statute is not involved.

The petition not stating a case of which this court has jurisdiction, will be dismissed.

Delivered December 7, 1893.