W. P. KIDD v. ANSON RAINEY, CHIEF JUSTICE, ET AL.

Motion No. 967.    Decided June 2, 1902.

1.—Certifying Question—Final Jurisdiction.

A court of civil appeals is not required, under article 1040, Revised Statutes, to certify to the Supreme Court for decision a ruling from which one of its judges dissented, where the case is one in which its judgment is made final by article 996.    (P. 558.)

2.—Same—Conflicting Decisions—Local Option Law.

The ruling of the Court of Civil Appeals in Kidd v. Truett, that an election on prohibiting the sale of liquors could not be held in a school district lying partly in a justice precinct in which prohibition had already been adopted, does not present such conflict with the previous decisions in State v. Harvey and Adams v. Kelly as to require certifying the question to the Supreme Court under the Act of May 9, 1899 (Twenty-sixth Legislature, chapter 98, page 70).    (Pp. 558, 559.)

Motion for leave to file petition for mandamus requiring a court of civil appeals to certify a question to the Supreme Court.

*Smith, Templeton & Tolbert,* for petitioner.—In this case the Court of Civil Appeals in effect holds that the right of the people to hold a prohibition election in a school district is absolute, sovereign. In Adams v. Kelly, 44 Southwestern Reporter, 530, in a case where it was sought to hold an election in a city within a county in which prohibition prevails, the Court of Civil Appeals for the Second District in discussing the provisions of article 3384 say: "The clause of this amendment so much relied on, to wit, 'provided, that where a school district, city or town, may be composed in part of two or more subdivisions of the county, named hereinbefore, the right to order and hold an election in such school district, city or town, shall not be denied,' does not even purport in terms to confer on cities or towns any new right, but only to reserve and guard an existing one, which was never absolute, but only a conditional or qualified right. It was the right to order and hold an election in a city or town, as provided in the general local option law, which the amendment, providing for the first time for a local option election in two or more political subdivisions of a county, declares shall not be hereby denied, and not the right to hold such an election with-

out reference to local option law already in force throughout the county in which is situated such city or town."

In this case the reason given for the holding that the election in school district No. 54 is void, is that "by article 3384, Revised Statutes, the people of a school district are given the right to prohibit the sale of intoxicating liquor in such district." So much of article 3384, Revised Statutes, as confers any right on the people of a school district was enacted in 1893 (Acts 1893, page 48) and in 1897 (Acts 1897, page 235). The local option law adopted in justice precinct No. 3, Grayson County, was adopted and went into effect February 1, 1892. These amendments are applied to a local option law adopted before they were enacted. In Adams v. Kelley, 44 Southwestern Reporter, 531, Justice Stephens says: "As, under the Constitution, such law can only be enacted by such qualified voters, so it can only be repealed by them. The power to enact, and hence to repeal, such laws has thus been taken from the Legislature and conferred on the qualified voters of the locality to be affected. Inasmuch, then, as this local law has, by a majority vote, been adopted by the qualified voters of Johnson County, and had not been abolished when the amendment of 1897 went into effect, it seems plain that nothing in that amendment could, either directly or indirectly, repeal or modify such existing law."

We submit that the decisions of the Court of Civil Appeals of the Second District are in conflict with the one in this case. In this case this court is without jurisdiction to grant a writ of error; and it was the duty of the Court of Civil Appeals of the Fifth District to certify to this court the question involved in the validity of said election.

GAINES, CHIEF JUSTICE.—This is a motion for leave to file a petition for a writ of mandamus to compel the justices of the Court of Civil Appeals for the Fifth Supreme Judicial District to certify to this court for its determination a certain question which arose and was decided in that court in the case of W. P. Kidd v. J. H. Truett, county attorney. That suit was brought under the statute which provided a special procedure to contest elections. The election in controversy was one which was held under the local option law to determine whether intoxicating liquors should be sold in a certain school district. The school district lay partly in one justice precinct and partly in another; in one of which an election was held under the local option law, and the election had resulted in prohibition. In the proceedings for the contest of the election in the school district, its validity was assailed upon the ground that the statute did not authorize an election in any district, when in a part of such district the sale of intoxicating liquors was already prohibited.

As appears from the petition for writ of mandamus, the District Court held that the election in the school district was void, but that the law did not authorize a contest of the election upon that ground, and gave judgment for the contestee. On appeal, the Court of Civil Appeals held that the statute authorized the proceedings to contest; but, on the other hand,

determined that the election was valid and affirmed the judgment on that ground. Upon the proposition that the election was valid, one of the justices of the Court of Civil Appeals dissented. The appellant, the relator in this suit, moved the Court of Civil Appeals, in writing, to certify the question of the validity of the election to this court, first, upon the ground of the dissent; and second, for the reason, as alleged, that the decision of the Court of Civil Appeals was in conflict with the decisions of another Court of Civil Appeals.

1. Was it the duty of the Court of Civil Appeals to certify the question by reason of the dissent? Article 1040 of the Revised Statutes provides that, "When any one of said courts of civil appeals shall in any cause or proceeding render a decision in which any one of the judges therein shall dissent as to any conclusion of law material to the decision of the case, said judge shall enter the grounds of his dissent of record, and the said Court of Civil Appeals shall, upon motion of the party to the cause, or on its own motion, certify the point or points of dissent to the Supreme Court." This article was construed in Herf v. James, 86 Texas, 230, and it was then held that it did not apply to a case in which the Court of Civil Appeals, under article 996 of the Revised Statutes, were given final and conclusive jurisdiction. The case we are here considering was a case of a contested election, and the article last mentioned makes the decision of the Court of Civil Appeals final in "all cases of contested elections of every character other than for State officers, except when the validity of the statute is attacked by the decision." The election in question was not for a State officer, and the validity of no statute is attacked by the decision of the Court of Civil Appeals. Therefore the jurisdiction of that court was final, and under the authority of Herf v. James, supra, the Court of Civil Appeals were not bound to certify the question upon which there was a dissent from the opinion of the majority.

2. The Act of May 9, 1899, makes it the duty of the Court of Civil Appeals to certify a question when their decision thereon conflicts with that of another Court of Civil Appeals upon the same question. Laws 1899, page 170. Does the petition for a writ in this case show such a conflict? The cases relied upon by the relator are State v. Harvey, 33 Southwestern Reporter, 885, and Adams v. Kelley, 44 Southwestern Reporter, 530. Both decisions were by the Court of Civil Appeals for the Second Supreme Judicial District. In the former it was held, that where an election had been held in the entire county, and as a result thereof prohibition had been adopted, another election in a precinct of the county, while prohibition was still in force in the entire county, was invalid. In the latter the ruling was in principle the same. There it was held that after an election under the local option law held for a county had resulted in favor of prohibition, the commissioners court could not be compelled to order an election for a city in the county, although the result of the county election had not been declared.

Clearly the decisions in these two cases, and the decision of the Court of Civil Appeals for the Fifth District, were upon very different questions. Because a local option election can not be held in a subdivision of a large territory in which prohibition already exists, is no conclusive argument against the validity of such an election in a certain district in a part of which only the sale of intoxicating liquors is already prohibited. Where the decision in a case is not necessarily conclusive of the decision in another, there can be no conflict.

Being clearly of the opinion that the relator is not entitled to the writ of mandamus prayed for, the motion for leave to file the petition is denied. Herf v. James, supra.

*Motion denied.*