# JUNE, 1917

## J. W. WILSON v. E. A. GIRAUD.

### No. 3007.   Motion No. 4004.   Decided June 13, 1917.

#### (195 S. W., 848).

**1.—Jurisdiction of Supreme Court—Certified Question—Boundaries.**

In a boundary case, in which the jurisdiction of the Court of Civil Appeals is final, the Supreme Court has no jurisdiction to review the decision on certificate of dissent. Herf v. James, 86 Texas, 230. But such case is within its jurisdiction, though there was dissent in the appellate court, where the certificate is not made because of the dissent, but on other grounds Wallis v. Stuart, 92 Texas, 568, followed. (P. 47).

**2.—Same.**

The certifying of the question involved in this case is held to have been made, not as a certificate of dissent, but because of the court's doubt as to the correctness of its original decision; and hence, though the case was one of boundary, it was within the jurisdiction of the Supreme Court. (P. 4).

Question certified from the Court of Civil Appeals for the First District, in an appeal from Harris County.

The opinion here given was rendered upon a motion in the Supreme Court to dismiss the certificate for want of jurisdiction, the case being one of boundary. The opinion on the merits of the question certified was reported in 111 Texas, 253. The opinion on motion to dismiss was not with record or was over looked by the reporter, and is now given.

*E. P. & Otis K. Hamblen,* for motion.

*Baker, Botts, Parker & Garwood,* contra.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

This case is before the court on certified questions from the Court of Civil Appeals for the First District. The appellant has moved that the certificate be dismissed because of the want of jurisdiction of this court to determine the questions certified. The ground of the motion is that the case is one of boundary, on which the jurisdiction of the Court of Civil Appeals is final, and that the questions were certified because of the dissent from the judgment of the Court of Civil Appeals by one of its members.

The case appears to be one of boundary. Accordingly, if the questions had been certified because of a dissent on the part of one of the judges of the Court of Civil Appeals, that is, under article 1620, we would be without jurisdiction. Herf v. James, 86 Texas, 230, 24 S. W., 396. The mere fact, however, that a case is one within the final jurisdiction of the Court of Civil Appeals, does not deprive this court of jurisdiction to decide questions arising therein and certified to it by the Court of Civil Appeals. Wallis v. Stuart, 92 Texas, 568, 50 S. W., 567. The question is fully discussed in Wallis v. Stuart, wherein Herf v. James was limited to cases arising strictly on a certificate of dissent.

We do not construe the present certificate as made because of a dissent. In the decision of the case on its original hearing, all of the judges of the Court of Civil Appeals appear to have concurred. The appellees motion for a rehearing was overruled by a majority of the court, Chief Justice Pleasants dissenting. The certificate states that the court, of its own motion, had set aside the order overruling the motion for rehearing. It furthermore states that the questions were certified because of the court's doubt as to the correctness of its original decision. It does not indicate that the questions were certified merely because of the dissent entered in respect to the court's original action on the motion for rehearing. The certificate is to be construed as having been made under article 1619, rather than article 1620. The motion to dismiss is therefore overruled.