**MISSOURI, K. & T. RY. CO. OF TEXAS v. LOVELL. (No. 2791.)**

(Supreme Court of Texas.   May 12, 1920.)

1. **Courts** &otimes;&#8212;247(5, 7)—Question held properly certified to Supreme Court.

The Court of Civil Appeals had the authority to certify question as to whether negligence of defendant was the proximate cause of the death of plaintiff's horse to the Supreme Court, either because it deemed it advisable to do so under Rev. St. 1911, art. 1619, or because of probable conflict between its holding and that of other Courts of Civil Appeals under article 1623, although the case was one of which its jurisdiction was final.

2. **Courts** &otimes;&#8212;247(6)—Supreme Court has no jurisdiction on certificate of dissent where decision of Court of Civil Appeals final.

In cases where the decision of the Court of Civil Appeals is final, the Supreme Court has no jurisdiction of a certificate of dissent.

3. **Railroads** &otimes;&#8212;446(6)—Negligence in permitting gap in fence as proximate cause of death of horse on bridge held for jury.

Question of whether railroad's negligence in permitting gap in its right of way fence was the proximate cause of the death of a horse, which strayed onto the right of way and became caught in a bridge on recrossing bridge after having been frightened thereon by passing train, *held* for the jury.

Certified Question from Court of Civil Appeals of Second Supreme Judicial District.

Suit by G. W. Lovell against the Missouri, Kansas & Texas Railway Company of Texas. Judgment for plaintiff was reversed by the Court of Civil Appeals, and a question was certified to the Supreme Court. 179 S. W. 1111. Question answered.

Chas. C. Huff, of Dallas, and Arnold & Taylor, of Henrietta, for plaintiff.

Wantland & Parrish, of Henrietta, for defendant.

PHILLIPS, C. J. According to the certificate, the suit of the plaintiff was for damages for the killing of one mare and injury to four other horses. The animals entered upon the defendant's fenced right-of-way

through a gap or gate in the fence negligently left open by the defendant. While thus upon the right-of-way they were frightened by an unusual and negligent blowing off of steam, sounding of the whistle and ringing of the bell of a passing train, causing three of them to run through the fence at one place and the fourth to run upon a bridge of the defendant on the right-of-way.

The mare, the fifth animal, because of her fright either ran over the bridge or in some other way not made plain by the evidence, got beyond the bridge on the right-of-way; and after the train had passed, attempted to recross it, either to return to the pasture from which she had entered upon the right-of-way, or to re-join the other horses which had run through the fence into an adjoining enclosure. In attempting to cross the bridge, she became caught in it and was so injured as to necessitate her being killed.

Under this state of case there was a difference of opinion among the Justices of the honorable Court of Civil Appeals as to whether negligence on the part of the defendant in permitting its right-of-way fence to be in such condition as to admit the animals upon the right-of-way or in frightening them with the whistle, steam or bell of the passing engine, could be considered the proximate cause of the injury and death of the mare, a majority of the court holding it could not be. A motion to certify the question both because of this difference of opinion and conflict between the holding of the majority and that of other Courts of Civil Appeals, was granted.

We are asked to determine whether this motion was properly granted. And if so, whether the holding of the majority upon the question was correct.

[1] The Court of Civil Appeals had the authority to certify the question either under Article 1619, because it deemed it advisable to do so, or under Article 1623, because of probable conflict between its holding and that of other Courts of Civil Appeals, although the case was one of which its jurisdiction was final. Wallis v. Stuart, 92 Tex. 568, 50 S. W. 567; McCurdy & Daniels v. Conner, 95 Tex. 246, 66 S. W. 664.

[2] In cases where the decision of the Court of Civil Appeals is final, we have no jurisdiction of a certificate of dissent. Herf v. James, 86 Tex. 230, 24 S. W. 396; Kidd v. Rainey, 95 Tex. 556, 68 S. W. 507.

[3] The effect of the negligence of the defendant with respect to the condition of its fence was to place the animals within a narrow enclosure from which, on becoming frightened because of its further negligence in sounding the whistle and bell and blowing off steam from the engine, they would naturally seek egress, in a manner not necessarily careful of their own safety and probably in disregard of it. There was warrant, therefore, for a jury's concluding that the negligence of the defendant was responsible for the mare's getting to a place on the right-of-way beyond the bridge, separated from the other horses and away from the place to which she was accustomed. A jury could have reasonably concluded, in other words, that because of the negligence of the defendant the mare was placed in a position of possible danger if she attempted to re-cross the bridge.

The test of the question is, what would have been reasonably anticipated as the action of the mare in that situation? It could not have been reasonably expected that she would certainly remain where she was, or continue down the right-of-way away from the bridge. The more probable anticipation would have been that she would do exactly as she did—attempt by re-crossing the bridge either to rejoin the other horses, or return to the habitual place from which she had first strayed and then been driven away through her fright.

That was a natural thing for a horse in her predicament to do, and might, therefore, have been reasonably foreseen by the servants of the defendant to whose negligence her situation was due. The question was one of fact.