Texas & Pacific Railway Company v. C. D. Cave et al.

*No. 3595. Decided February 14, 1923.*

(248 S. W., 23.)

**Briefs—Time of Filing.**

Where copy of appellant's brief was placed in the hands of appellee's counsel in ample time to enable them to file a reply before the submission of the case, it was error to refuse appellants permission to file briefs in the appellate court because copy thereof was not filed in due time in the trial court. Texas & P. Ry. Co. v. Conner, 111 Texas, 99, followed. (pp. 438, 439).

Question certified from the Court of Civil Appeals for the Second District, in an appeal from Jones County.

The Supreme Court having referred the questions certified to the Commission of Appeals, Section A, for its opinion thereon, here adopts same as its answer.

*Earl Conner, (George Thompson* and *R. S. Shapard,* of counsel) for plaintiff in error.

No briefs for defendant in error.

Mr. Judge RANDOLPH delivered the opinion of the Commission of Appeals, Section A.

The Court of Civil Appeals for the Second District submitted the following certified question to the Supreme Court:

"The transcript in this cause was filed in this court the 16th day of April, 1914. On October 10, 1914, the plaintiff in error filed its motion in this court for leave to file its briefs, setting up the alleged facts that all the attorneys, representing the several parties to the suit, had agreed, prior to the expiration of the time allowed by law, to waive the filing of briefs in the trial court, and subsequently, and within the time allowed by law, to file such briefs, had executed written waivers of such filing. That these written waivers were subsequently lost or misplaced. That a second waiver was prepared and mailed to the attorneys for defendants in error about May 30th or June 1, 1914, which defendants in error's attorneys denied receiving. That the attorneys of defendants in error now refuse to sign such waiver and objected to the filing of the briefs. That the attorneys for plaintiff in error learned for the first time on September 13, 1914, of the refusal of the defendants in error's counsel to permit such briefs to be filed. That on May 12, 1914, plaintiff in error's attorney sent defendants in error's attorneys a substantial typewritten copy of the plaintiff in error's brief, and on September —a second copy was left on the desk of the defendants in error's

counsel, and their attention called to the fact. Attached to this motion was an affidavit of plaintiff in error's attorney to the facts which were, in the main, set out in the motion. On October 24, 1914, defendants in error filed a verified resistance to plaintiff in error's motion, in which it was stated that judgment was rendered in the trial court on the 12th day of November, 1913, and that a supersedeas bond or writ of error was filed on March 28, 1914. That about May 15, 1914, defendants in error's attorneys received through the mail what purported to be plaintiff in error's brief; that said purported brief was incomplete in that it failed to set out the authorities relied on by plaintiff in error, and contained many erasures and interlineations. That about June 5, 1914, a waiver of the filing of briefs was received by attorneys for the defendants in error, and also a letter from plaintiff in error's attorney requesting that said waiver be signed and returned to him. But that defendants in error's counsel refused to sign said waiver. That at no time did defendants in error's counsel agree, either orally or in writing, to waive the filing of plaintiff in error's briefs, and that defendants in error's counsel were not even requested to waive such filing until sometime in June, 1914. This resistance was signed by all of the attorneys representing defendants in error, and was supported by the affidavit of two of them, and evidently the only two with whom the understanding is claimed to have been had.

"Under this showing, we overruled plaintiff in error's motion, Chief Justice Conner dissenting. The majority subsequently granted defendants in error's motion to dismiss the appeal, Chief Justice Conner dissenting as before. Then plaintiff filed its motion to certify, which motion was overruled by the same majority. The majority felt that the case of Herf. et al. v. James et al., 86 Texas, 230, and other cases following that decision, controlled us as to our action upon this last motion. But the Supreme Court having mandamused this court to certify the questions, we proceed to do so. Herewith find the opinions of the majority and the minority, together with the records in the case.

We hereby certify the following question for the decision of your Honors:

1. Were the majority correct in the overruling of plaintiff in error's motion to file briefs?"

The purpose of the statute in requiring briefs to be filed in the trial court and the Court of Civil Appeals, within the time designated, is that the appellee may have an opportunity to file his reply brief before submission of the case. In this case, it appears from the record that a copy of appellant's brief was mailed or sent to the appellee's attorneys on May 12, 1914, and, again, during the month of September, a second copy was left on the desk of the coun-

sel for appellees and their attention was called to that fact. The case was set for submission in the Court of Civil Appeals October 24, 1914.

From this statement it will appear that appellee's counsel had copies of appellant's brief delivered to them more than twenty days prior to the submission of the case in the Court of Civil Appeals. This being true, it does not appear that they were deprived of their opportunity to reply to appellant's brief, or, that the submission of the case would have been delayed in order that they should have had such opportunity.

Under authority of the opinion of the Supreme Court in granting the writ of mandamus herein, T. & P. Ry. Co. v. Conner, C. J., et al., 111 Texas, 99, 229 S. W., 844, we hold that there was no such delay in filing briefs by appellant as authorized the Court of Civil Appeals to dismiss the case, for the reason that the appellees' counsel had appellant's brief in their possession in ample time to file reply.

We therefore answer the question propounded by the Court of Civil Appeals in the negative.

### By the Supreme Court.

The opinion of the Commission of Appeals answering certified questions is adopted and ordered certified to the Court of Civil Appeals

*C. M. Cureton,* Chief Justice.