**STIDHAM et al. v. CICERO SMITH LUMBER CO. et al.    (No. 2218.)**

(Court of Civil Appeals of Texas.    Amarillo. Nov. 28, 1923.    Rehearing Denied Jan. 9, 1924.)

**1. Appeal and error ⬅767(1) — Motion to strike out briefs of appellants for delinquencies as to filing or giving notice of filing, granted.**

An agreement that briefs may be filed at any time "within 40 days before submission" does not excuse appellants from filing their briefs in the trial court, or in lieu thereof, notifying appellees of a filing in the appellate court, and where appellees, due to the failure to do either of these things, did not get a copy of appellants' brief until 17 days before submission, with the result that because of inability to obtain the record the appellees had only four days before submission to prepare a reply brief, and consequently prepared none, the motion of appellees to strike out the briefs of appellants will be granted.

On Motion for Rehearing.

**2. Fraud ⬅10—Representations held of fact, not of law.**

Representations by promoters or organizers of community telephone exchange that sub-

scribers would not be individually liable are representations of fact, not of law, and actionable when false.

Appeal from District Court, Hall County; J. V. Leak, Judge.

Action by the Cicero Smith Lumber Company against C. Z. Stidham and others. From judgment for plaintiff and certain of defendants against named defendant and certain others, the named defendant and such others appeal.    Appeal dismissed.

Fires & Williams, of Childress, and Elliott & Moss, of Memphis, for appellees.

RANDOLPH, J.    Suit was filed in the district court of Hall county by Cicero Smith Lumber Company against C. Z. Stidham and many others as defendants, to recover upon a promissory note and an open account. The note was executed by the Farmers' Telephone Association, by C. Z. Stidham, president, J. H. Middleton, secretary, and Fred Boone, F. T. Wallace, H. W. Paschall, and R. S. Wansley, directors, hereinafter known as the "promoting defendants."    The other defendants not herein specially named, except as grouped to identify their status, in the record, and known as the "subscribing defendants," were sued as partners with the named defendants, and by virtue of a certain instrument designated a "declaration of trust."    The plaintiff recovered judgment against all of the defendants, and those defendants denominated subscribing defendants were also granted judgment over against the promoting defendants, and from such judgment the promoting defendants have appealed to this court.

[1] Appellees have moved in this court to strike out the brief of appellants filed herein for the reasons that the appellants failed to file in the trial court a copy of their brief as required by the statutes and failed to serve appellees with a copy of their brief until too late for them to file a proper reply.

The parties to the suit entered into a written agreement on file in this cause that appellants might file their briefs out of time required by law and the rules of the appellate courts, and that they might file such brief at any time "within 40 days before submission."    This we interpret to mean that appellants could file their briefs any time prior to 40 days before the date set for the submission of the case in this court.    On October 9, 1923, appellants filed copies of their brief in this court; thereafter the cause was set down for submission on November 21, 1923.    No notice of the filing of the brief in this court was in any way conveyed to appellee and no copy of the brief was ever filed in the trial court.    Appellee's attorneys called upon the clerk of the trial

court to know if any brief had been filed, and was informed that none had been filed in the case. On November 3, 1923, appellants delivered or caused to be delivered to attorneys for appellees, subscribing defendants, a copy of their brief—17 days before the date set for submission. At that time appellee Cicero Smith Lumber Company's attorneys had the record in the case and were unable to complete their work in the preparation of their brief until November 16, 1923, when said record was then delivered to attorneys for appellees, subscribing defendants, and they then had four days in which to prepare and file in this court their brief in answering appellant's brief. The last-named appellees claimed that they were materially injured by the appellant's failure to give them such notice as would enable them to properly reply to it, and they did not attempt to do so. Appellees had the right, even under the signed agreement, to expect that a copy of appellant's brief would be filed in the trial court. In lieu of such filing in the trial court, if appellants had notified appellees that they had filed their briefs in this court, appellees could then have obtained the record in time to have briefed the case in reply. The attorneys for appellant and appellees, the subscribing defendants, lived in the same town, and why they did not give even a verbal notice of such filing in the appellate court is not explained in the record. The delivery to the attorneys for appellees, subscribing defendants, of a copy of their brief by appellants, on November 3d, was not within a reasonable time in order that they might prepare their reply brief, and affidavit herein filed discloses further that it was impossible for them to have obtained the record until November 16, 1923, just four days before submission in this court.

This court has gone a long way in protecting litigants from the result of their negligence or the negligence of their attorneys in failing to comply with the statutes and rules regulating the practice in the appellate courts; but we cannot, under the law, hold that in the filing or service of copies of their briefs, as related above, that appellants complied with the statutes or rules of court in this instance. We cannot say that the appellees have not been materially injured by such conduct of appellants and such failure on their part to give notice of the filing of their brief in this court. Hence we grant appellees' motion and order appellants' brief stricken from the files in this case. Rowntree v. Peck Furniture Co. (Tex. Com. App.) 248 S. W. 26; T. & P. Ry. Co. v. Cave, 112 Tex. 437, 248 S. W. 23.

In view of this action on our part and because there is no fundamental error apparent of record presented for our decision, we order the dismissal of the appeal in this case.

### On Motion for Rehearing.

Since the rendition of the original opinion in this case, appellants have employed other counsel, who have filed an able and persuasive motion for rehearing, praying that the original opinion and the judgment of this court, dismissing this cause, be set aside, the case reset for submission, and upon submission the trial court's judgment reversed and remanded. We are of the opinion that our former holding was correct and that the equities presented in the motion are not such as to cause us to override the statutes and rules of court providing for the proper briefing of cases.

In deference to the urgent insistence of counsel, we have again reviewed the record to ascertain if there is fundamental error apparent of record for which the cause should be reversed.

[2] Appellants insist that the issue submitted by the trial court, "Did the promoting defendants, in soliciting the subscribing defendants to subscribe for stock, represent to said subscribing defendants that in the company they were organizing there would be no individual liability for the debts of the concern?" and the jury's affirmative answer thereto, present no cause of action, for the reason that, at most, it was only the opinion of the promoting defendants upon a question of law and would not be actionable misrepresentation.

The record discloses that appellants were in charge of the matter of the organization of a community telephone exchange; that they did make the representations complained of. They were naturally in the position of knowing what they were doing and of being able to advise as to what they would do or were going to do. When they represented that in the concern they were organizing there would be no individual liability, they were making representations, not of law, but of fact. It cannot be said that such an organization could not have been created. It could have been done by following out the provisions of our statutes on limited partnerships or by taking steps to give parties with whom they were dealing actual notice of the provisions relating to nonliability of the stockholders individually. Edward Thompson Co. v. Sawyers, 111 Tex. 378, 234 S. W. 874; Moreland v. Atchison, 19 Tex. 311.

We have carefully considered the other grounds set out in the motion, and hereby overrule the motion in all things.