**WELCH v. BEALL.**

No. 9027.

Court of Civil Appeals of Texas. Austin.
July 2, 1941.

Rehearing Denied July 16, 1941.

Dibrell & Snodgrass, of Coleman, for appellant.

E. M. Critz, of Coleman, for appellee.

. BLAIR, Justice.

Suit by appellant, Mrs. LaVena Welch, against appellee, J. H. Beall, on his promissory note for $2,200, together with interest and attorney's fees. Appellee interposed a plea of limitation, which on the trial to the court without a jury and upon stipulated facts was sustained.

The note, dated February 3, 1931, was executed by B. E. Davis and appellee Beall as co-makers, payable to appellant. It was secured by certain cotton gin property which Davis and Beall owned and operated as partners, and provided that it would become due and "payable out of the gin business as and when same will justify." A contemporaneous partnership agreement between Davis and Beall recited "that said parties have also this day executed their certain promissory note for the sum of $2,200, payable out of said gin business and at such time as such business will justify payment thereof to Mrs. LaVena Welch, said note bearing interest from September 26, 1931, at the rate of 10% per annum."

By deed dated October 5, 1931, Davis conveyed his interest in the gin property to appellee Beall, in consideration of his assumption and agreement to pay all indebtedness of the partnership; the deed reciting that the "partnership is fully terminated."

Appellant did not demand payment of the note when it fell due in November, 1934, nor did either maker ever pay or offer to pay said note or any part of it. The note bore the following indorsements:

"2–3–34 Maturity of this note is extended to Jan. 1, 1935. LaVena Welch.

"1–1–35 Maturity of this note is extended to Oct. 1, 1936. LaVena Welch.

"10–1–36 Maturity of this note is extended to Oct. 1, 1938. LaVena Welch."

Neither Davis nor Beall knew of these indorsements to extend the note, which indorsements were made by appellant on the dates indicated; but she claimed authority to extend the maturity date under the following provision of the note: "All signers of this note are principals, and each of us, as well as all endorsers hereon waive presentation for payment and notice of non-payment and I, we and each of

us consent that the payee herein, or owner or holder of this note may at any time extend the time of payment of this note, at its election, with or without the request of either of the signers of this note, without consulting the other signers."

The trial court concluded as a matter of law that the indorsements extending the maturity of the note, placed on it by the payee without the knowledge, request or consent of appellee, were ineffective to constitute an extension binding upon appellee, because he did not sign such indorsements; and having so concluded, and since this suit was filed on October 20, 1939, more than four years after the agreed date of the maturity of the note in November, 1934, the court held that the note was barred by the four-year statute of limitation. Vernon's Ann.Civ.St. art. 5527. We are unable to agree with these conclusions and holdings of the trial court.

■ It has been the uniform holding of courts that indorsers of a note are not discharged, when they expressly agree that the time of payment may be extended without notice to them, and particularly so when the note contains a stipulation to the effect that they consent that the payee or owner of the note may at any time, upon request or agreement with any other obligor on the note, extend the date of maturity without consulting other signers or indorsers. 6 Tex.Jur. 832, § 191, and cases there cited. Such holdings are based upon the reasoning that such matters are within the contractual rights of the parties, and when stipulated in the note, they are a part of the contract and are mutually binding upon the parties thereto; and that the rule is not changed by the Negotiable Instruments Act. Vernon's Ann.Civ.St. art. 5932 et seq. There is no good reason why this rule should not apply as between the maker primarily liable on the note and the payee or owner thereof; and in the case of Commercial Inv. Co. v. Graves, Tex.Civ.App., 132 S.W.2d 439, it is held that one who is primarily liable on a note is not discharged by an extension made without his consent and over his protest, where the note stipulated that it might be extended without notice.

In Vol. 6, pp. 689, 690, Tex.Jur.Supp., the following rule is stated: "The right to be released by the extension may be waived either in advance or afterwards and such waiver enters into the contract of every person who signs, whether as drawer, maker, acceptor or indorser, and permits of more than one extension. Such a waiver does not increase the original liability of the surety; it merely renders unnecessary the performance of the acts waived in order to fix liability. Brinker v. First Nat. Bank, Tex.Com.App., 37 S.W.2d 136."

■ It is true that the cases cited are not entirely parallel with the facts in the instant case, but the rule announced by the decisions is broad and shows the intent of the courts to enforce a contract between any parties, makers, indorsers, sureties, payees or owners, to a note whereby they consent that the payee or owner may at any time without notice extend the maturity date, and without consulting the parties specified.

■ Nor do we regard the question of the non-negotiability of the note in suit material. It is probably not negotiable because it became due and payable when and if the proceeds of the cotton gin were sufficient to pay it. But whether negotiable or not, it constituted a binding and effective contract between the parties, and manifestly the parties could stipulate that its maturity could be extended by the payee or owner without notice to the maker, and that as a part of the note such agreement was supported by the consideration of the original obligation and is binding on the maker.

■ We interpret the provision that "the payee herein, or owner or holder of this note may at any time extend the time of payment of this note at its election, with or without the request of either of the signers of this note, without consulting the other signers," together with the extension indorsements signed by the payee, as a valid and binding written extension of maturity contract signed by all parties thereto; and that such right of extension "at any time" permits more than one extension. By signing the note, an instrument in writing, the makers or signers agreed that they would pay the note when due, but that if they did not do so, then the payee, owner or holder was authorized to extend the time of payment without notice to the makers or signers. In like manner, if the makers or signers did not pay the note on its extended maturity date, then the payee or owner or holder was authorized to again extend the maturity date without notice, because the parties

had so specifically contracted. The payee's indorsements of extension were signed by her, and each fixed a definite extended maturity date. In consequence of this holding the provisions of Art. 5539, relating to written acknowledgment of the justness of an action barred by limitation, are either inapplicable, or were fully complied with in the instant case.

The judgment of the trial court is reversed, and judgment is here rendered for appellant for the full amount of the note, interest, attorney's fees and costs of suit.

Reversed and rendered.