### SIMPSON et ux. v. YARBOROUGH.

#### No. 14576.

Court of Civil Appeals of Texas.
Fort Worth.

Nov. 12, 1943.

Rehearing Denied Dec. 10, 1943.

Motion to Certify Denied Nov. 12, 1943.
See 176 S.W.2d 761.

Israel Smith, of Tyler, for appellants.

White & Yarborough and Donald V. Yarborough, all of Dallas, for appellee.

SPEER, Justice.

This suit was instituted by plaintiff C. R. Yarborough against defendants Will Simpson and Roberta Simpson, husband and wife, for recovery on principal, interest and attorney's fees evidenced by two promissory notes for $150 each, bearing date of April 14, 1926, with interest at eight per cent per annum from date and for the usual and customary ten per cent attorney's fees. A credit of $5 is admitted and allowed on each of the notes, paid on October 1, 1927.

The obligations sued on are shown by the petition to be in the usual form, one being due on October 1, 1926, and the other on October 1, 1927. At the conclusion of each note, this language is used: "It is agreed by the makers that this note may be extended without notice from time to time at the option of the holder."

Allegations were made that on the back of the note maturing October 1, 1926, on that date this endorsement was made: "Time of payment of this note is hereby extended to October 1, 1930." That on the last-mentioned date, a similar endorsement was made extending time of payment to October 1, 1934, and on that date it was extended to October 1, 1938, and at that time, by the same endorsement, it was extended to October 1, 1942. That on the note maturing October 1, 1927, endorsements were made in the language above quoted as follows: On October 1, 1927, extending time of payment to October 1, 1931; on the last-mentioned date, extending payment to October 1, 1935, and on that date, extending payment to October 1, 1939, and on that date extending payment to October

1, 1942. Suit was instituted November 21, 1942.

Defendants answered by general denial, and specially pleaded the statute of four year limitation, and further, that the provisions in the notes, whereby the option was given to the holder to extend time of payment without notice to the makers, was illegal and void, in that it was an attempt to contract in violation of the statute of limitations, as provided by Art. 5527, R.C.S.

Trial was to the court without a jury. Judgment was entered for plaintiff against the defendants for the amount shown to be unpaid on the two notes according to their respective terms and reading. No statement of facts is before us, but the trial court filed findings of facts and conclusions of law, which cover the point in issue. The fact findings are as alleged by plaintiff in regard to the notes, in amounts, credits, interest rate, attorney's fees and the above-quoted provision incorporated in each of the notes; that the pleaded endorsements were made on the notes at the time shown and that no notice thereof was given by the holder to either of the makers; that under the facts found the period of four year limitation had not run against the notes and therefore defendants' plea of limitation was not good.

Defendants have appealed on a single point of error. It reads: "The error of the court in concluding as a matter of law that the Statute of Limitations was not available to appellants because they had contracted that the notes could be extended without notice to them, by the holder."

We have concluded that no reversible error is presented by the point raised. Our reasons for this conclusion will be demonstrated by what follows in this opinion.

It appears that the precise question here involved has only been before the appellate courts of this state one time, and that was in Welch v. Beall, Tex.Civ.App., 153 S.W. 2d 338, 339, error refused, want of merit. In that case Davis and Beall executed their note to Mrs. Welch, dated February 3, 1931, due some time in November, 1934, the exact day not disclosed by the opinion. Later during 1931, Davis sold his interest in the business to Beall, and he assumed payment of the note. In the face of the note appears this language: " * * * and I, we and each of us consent that the payee herein, or owner or holder of this note may at any time extend the time of payment of this note, at its election, with or

without the request of either of the signers of this note, without consulting the other signers." Demand was not made for payment when it matured in November, 1934, nor did either of the makers pay or offer to pay it or any part of it when due. Mrs. Welch, the holder, endorsed on the note: "2–3–34 Maturity of this note is extended to Jan. 1, 1935." At that extended maturity date she made identically the same endorsement of maturity date extending it to October 1, 1936; on that maturity date she made another endorsement extending maturity to October 1, 1938. It will be observed that the first extension was made before the maturity date as originally appeared in the note. Neither of the makers knew of the extensions endorsed by the holder, made on the respective dates shown. When suit was instituted, Beall defended under a plea of limitation of four years. The trial court sustained the plea and Mrs. Welch, the holder, appealed. The Court of Civil Appeals at Austin reversed and rendered the judgment for the holder, citing as a precedent the general rule announced in 6 Tex.Jur. 832, sect. 191. The court reasoned that such provisions as are found in the note there under consideration were within the contractual rights of the parties, and when made, they are bound by their agreements. The cited authority is applicable more especially to persons secondarily liable as among the signers but it was held that there was no reason why the same rule would not apply to those primarily liable when they contract to be so bound, citing Commercial Inv. Co. v. Graves, Tex.Civ.App., 132 S.W.2d 439, writ of error refused. In the last-cited case it was held that one who is primarily liable on a note is not discharged by an extension of maturity date, made by the holder and over his protest, where the note stipulated that it might be extended by him without notice.

To the majority of this court, it appears that, as held in the Welch-Beall case, supra, "by signing the note, and instrument in writing (as the defendants did in the instant case), the makers or signers agreed that they would pay the note when due, but that if they did not do so, then the payee, owner or holder was authorized to extend the time of payment without notice to the makers or signers." We know of no law which prohibits persons from making such contracts, and when made, they should be bound thereby. We cannot

know but that the very stipulation here in controversy was the moving consideration for the payee to enter into the contract with the signers; suffice it to say that the note with all its provisions constitutes the contract between the parties, and generally such parties are bound by the contracts made by them. Plaintiff in this case has done nothing defendants did not agree in writing that he could do. It is a settled rule that the maker of a note, due on a definite day, stands obligated to make payment at that time. In the instant case, when the makers failed to do this, the extension was made by the payee for a definite period of time; whether the privilege given to payee to make such extensions could be abused by the payee and thereby work a detriment to the makers is beside the question, unless and until it is made to appear that payee, under the guise of the provision in the note, did act fraudulently or take an undue advantage of the situation. No such contention is presented here and it need not be pursued further. This is a parallel situation to that presented in the Welch-Beall case, supra, and the Supreme Court, with the matter squarely before it, refused the writ of error for want of merit. The trial court, in the instant case, seems to have followed the rule hereinabove announced and held that the note was not barred by limitation when sued on. The majority perceive of no reason why we should decline to follow the rule announced, having the sanction of the Supreme Court, as above indicated.

In support of the judgment rendered, appellee, plaintiff, cites Sharpe v. National Bank of Commerce, Tex.Civ.App., 272 S.W. 321, 323, writ dismissed, and calls our attention to what was there said by the court. It was there held that there is nothing in the negotiable instrument law to change the rule that "obligors may have the contractual right to agree with each other in advance for an extension by embracing such terms therein, that the obligation may be extended from time to time without the consent of any or all the makers, and by so doing no right of the obligee will be waived." The rule so announced is in keeping with those mentioned in 6 Tex.Jur. 832, and in Commercial Inv. Co. v. Graves, supra. However, the language used in the obligation involved in that case was materially different to the one before us. The holding of the court seems to have gone further than necessary to interpret the stipulation involved. We

do not doubt that the general rule adhered to in that case was correct.

Other jurisdictions announce a different rule to that held by the courts of this state. See cases from Indiana, Iowa and Kansas, cited in footnote of 10 C.J.S., Bills and Notes, p. 555, § 99b (a).

The appealing defendants earnestly contend that the stipulation in the note sued on which authorizes the extension of maturity date by payee without notice to the makers, is void because it is an attempt to waive in advance the privilege of pleading limitation, if limitation has run when the note is sued on. They cite ample authorities in support of the invalidity of such an agreed waiver if the condition had arisen in this case. We think their premise is at fault. The very privilege given to payee to extend maturity enabled him, if exercised, to prevent limitation from running; and as argued by defendants, naturally payee would not permit the maturity date to pass more than four years, and thus lose his right of collecting a debt, the validity of which is not questioned.

Much has been written upon the rule of law that contracts must be mutually binding on both parties, and whether the stipulation in the instant note was mutually binding on all parties may be considered. As above pointed out, the makers agreed to pay at a specified time, and certainly had the privilege of doing so, irrespective of whether payee desired to collect or not; but by the provisions of the contract, if they did not perform their obligation according to its terms, the payee was given the right to extend the maturity date without notice to them. The makers of the note are charged with knowledge of their obligation to pay when they promised, and that if they failed then the payee could extend the maturity date. Of course, such an extension must be a valid one, such as is definite. Each of the extensions made were for definite periods, and we can see no reason why the stipulation was not binding on the makers of the note.

Finding no error in the judgment of the court declining to declare the note barred by limitation, it should be affirmed, and it is so ordered.

McDONALD, Chief Justice (dissenting).

I find myself unable to agree with the majority opinion, and respectfully enter my dissent, although I am not unaware of the implication of approval by the Supreme

Court of the holding in Welch v. Beall, Tex.Civ.App., 153 S.W.2d 338, arising from the action taken in refusing the application 'for writ of error for want of merit.

The decisions cited in Welch v. Beall do not, in my opinion, provide any support for the holding there announced. Brinker v. First Nat. Bank, Tex.Com.App., 37 S.W.2d 136, involves an attempt of a defendant to escape liability on the theory that he was secondarily liable only on the note, and that a renewal of the note without his consent operated to release him from liability on the note. The statute of limitations was obviously not involved. The suit was brought within less than four years, and limitations was not set up as a defense. Commercial Inv. Co. v. Graves, Tex.Civ. App., 132 S.W.2d 439, writ refused, does not even purport to go further than to hold that a surety may by a waiver contained in the note agree that the note may be extended without notice to and without the further agreement of the surety. The rules governing this class of cases are fully discussed in Brinker v. First Nat. Bank, supra. But the case now before us, and the case before the court in Welch v. Beall, involve other and entirely different rules of law.

It is undisputed that the note in the present suit was more than four years past due when suit was filed, unless the due date was extended by some act binding upon the makers of the note. Let us see whether that was done.

In Tsesmelis v. Sinton State Bank, Tex. Com.App., 53 S.W.2d 461, 462, 85 A.L.R. 319, it is said: "To support a contention that the payment of a negotiable instrument has been extended, there must exist all the elements essential to the execution of a contract (6 Tex.Jur. p. 826), and the agreement for the extension must be for a definite time and mutually bind the parties, payor and payee, the one to forbear suit during the time of extension, and the other his right to pay the debt before the end of that time."

Now what have the parties agreed to in the case before us? We quote the language of the note: "It is agreed by the makers that this note may be extended without notice from time to time at the option of the holder."

As I interpret this provision, it either means what it says, or it means nothing. In no case would the note be due before the due date set out in it. But, by the unilateral act of the holder, the due date might be extended, from time to time, to any later date or dates. If the agreement is binding, it means that the holder could postpone the due date for another year, and then for still another year, and so on, whether the maker of the note agreed to it or not. In such case, the maker of the note would have no right to pay the note until the holder should decide no longer to extend the due date. To me it seems clear that such an agreement is lacking in both mutuality and consideration, and that it is unenforcible for any purpose. It is the converse of the situation described in Austin Real Estate & Abstract Co. v. Bahn, 87 Tex. 582, 29 S.W. 646, 30 S.W. 430, where the Supreme Court says: "Here the creditor agrees to extend for one week, and the debtor agrees to pay within the week. He does not agree that he will not pay until the end of the week, or that in case he does pay he will pay interest for the entire period of the extension. Hence there was no consideration for the promise of the creditor. * * * It was the right of the company to pay at any time, notwithstanding Fain's promise, and hence there was no consideration to support that promise."

It clearly appears from such cases as Novosad v. Svrcek, 129 Tex. 34, 102 S.W. 2d 393, that the tests laid down in Tsesmelis vs. Sinton State Bank and in Austin Real Estate & Abstract Co. v. Bahn are the same tests that are to be applied in determining whether a renewal or extension agreement is sufficient to toll the statute of limitation.

In the case before us the debtor says to the creditor by the agreement in the note, if it means what it says, "You may extend the due date of this note from time to time, and upon the due date, as you may finally have extended it, I will pay to you the debt with interest to the due date, thus extended." The creditor, however, does not bind himself to extend the note. In fact, he makes no agreement at all, with reference to extensions, at the time the note is executed.

But if it should be held that the agreement for extensions is not void for want of consideration and lack of mutuality, then the true situation is that the holder of the note has in his hands, as a practical matter, a demand obligation from and after the original due date set out in the note. In other words, the note is actually payable on demand from and after its due date. The

holder may extend 'for one day, or one week, or one year, and then repeat the process as many times as he likes, and he and he alone may fix the date when the note shall be paid. He may bring suit within one day after the note is due, if it is not paid, or, by extending it from time to time, whether the maker agrees or not, he may elect when he shall call for payment of the note. The familiar rule is that limitation upon a demand obligation runs from its date, or if the obligation be payable on demand after a fixed date, then limitation runs from the fixed date.

As I see it, the holding in Welch v. Beall is completely at variance with the many holdings of our Supreme Court which announce the requirements of a valid extension of a note. I cannot believe that the Supreme Court intended to overrule those numerous decisions by the device of refusing an application for writ of error with the notation, "For want of merit".