This is an action of trespass to try title, brought by T. J. Pate, as plaintiff, against David L. Gallup, as defendant, to recover 106 acres of land, a part of the H. H. Hall survey in San Augustine county. The case was tried upon the issues made by the first amended original petition of appellant, filed January 21, 1916, and the first amended original answer of appellee, also filed on said date. Appellant asserts title to the land in controversy under the ten years' statute of limitation, and appellee asserts title to said land under a record title thereto, admitted by the appellant to be sufficient to entitle appellee to a judgment for the land, unless his title had been divested by appellant's occupancy under the ten years' statute. The case was tried before a jury upon special issues submitted to them by the court, and, upon the findings of the jury, appellant duly filed and presented his motion for judgment for all the land described in plaintiff's petition, and appellee filed and presented his motion for judgment for all of the land except 26 acres shown by the proof to have been actually inclosed during the period in which appellant claimed his occupancy ripened into title. The court, after considering appellant's motion for judgment, overruled it in part and granted it in part, and rendered judgment for appellee for all of said land except the 26 acres above mentioned, awarding said 26 acres to appellant; to which action of the court appellant, in open court, excepted, and duly filed and presented his motion for new trial, in which he assigned various errors to the action and rulings of the court. The court, after hearing and considering said motion, in all things overruled it, to which action of the court appellant, in open court, excepted, and gave notice of appeal to this court.
We are confronted, at the outset of this case, with an objection filed by the appellee to a consideration of appellant's first, second, third, fourth, fifth, fourteenth, and fifteenth assignments of error, for the reason that all of the above-named assignments violate the rule against multifarious assignments, *Page 1152 
and should not be considered by this court. It is clear that the assignments mentioned are not in compliance with the rules, and, under the uniform decisions of the appellate courts of this state, they are not entitled to consideration. Rules of Courts of Civil Appeals, Nos. 24, 25, 26, and 29 [142 S.W. xii]. The assignments referred to consist of a number of separate and distinct subdivisions, each of which presents a separate and distinct proposition from the others relating to other matters, and raising other points of law. The objection, in our opinion, is well taken, and we will not consider appellant's said assignments.
Appellant's sixth assignment of error is as follows:
"The court erred in admitting in evidence over the objections of the plaintiff the purported copies of purported leases from Charles Holloway, J. M. Holloway, and W. B. Butler to East Texas Land Improvement Company, dated September 29, 1894, because: (a) Said purported copies were not evidence of any fact and had no support in the record to authorize their admission in proof of any fact in any manner in this cause, the objections to the admission of which, together with the reasons in support of said objections, fully appear in plaintiff's bill of exceptions No. 6 filed as a part of the record herein."
The proposition under this assignment is:
"The proof showing that the copies offered in evidence were copies of purported instruments not recorded and in the control of the defendants, and failing to show that said copies were correct copies of the originals, and the proof further failing to otherwise lay a sufficient predicate for the admission of said copies as secondary evidence, it was the duty of the court to sustain appellant's objections to the admission of said copies in evidence."
The counter proposition by appellee is:
"There being no provision in the law requiring the recording of leases or acknowledgments of tenancy before they are introduced in evidence in behalf of the owner of the record title to the land, and the loss of the originals having been properly proved, and the copies which were introduced having been identified as true copies of the originals by the witnesses Wilson and Dunkin, who saw them executed, they were properly admitted in evidence."
We are of opinion that there is no merit in this assignment. The witnesses Wilson and Dunkin, as shown by this record, testified that they saw these instruments executed, and the copies which were introduced were identified as true copies of the originals. The loss of the originals was properly proven. We see no error in the action of the court in this matter, and therefore the assignment is overruled.
The seventh assignment of error is as follows:
"The court erred in admitting in evidence, over the objections of the plaintiff, the testimony of the witness A. L. Duncan, in connection with the purported copies of the purported leases of J. L. Quinn, W. B. Butler, Charles Holloway, and J. M. Holloway, because said copies were not evidence of any fact, and were not supported by any facts in the record authorizing their use as evidence for any purpose, and the use of said copies in connection with the testimony of the said witness, and as a part thereof, was equivalent to establishing the facts by said illegal testimony alone, the objections to which testimony, together with the reasons urged in support of said objections, fully appear in plaintiff's bill of exceptions No. 7 filed as a part of this record."
The witness Dunkin, as shown by the record, testified to the fact that the original leases were executed by J. L. Quinn, W. B. Butler, Charles Holloway, and J. M. Holloway, and that the copies inspected by him and introduced in evidence were true copies of the originals, as executed by these persons, and, the loss of the originals having been proven by the testimony of their custodian at the time of the loss, Dunkin's testimony was admissible, in our opinion. To our minds, the rule of evidence has long been settled that when original instruments, which would be admissible if the originals were produced in court and properly proven, are shown, by the testimony of the custodian thereof, to have been destroyed, the proper manner to prove its loss is: (1) To prove the loss or destruction of the original by the custodian thereof at the time of its loss, or destruction; (2) to prove its execution by some one who can testify of this own knowledge to the fact that it was executed by the person by whom it purported to be executed; and (3) if a witness can be produced who can testify that a copy of the instrument is a true copy, this should be done. The record shows that all of these requirements were complied with, and therefore this court can find no merit in this assignment, and it is overruled.
The eighth assignment of error complains that the court erred in admitting in evidence, over the objection of plaintiff, the purported copies of purported instruments, as follows:
"J. V. Holloway to A. F. and B. W. Kountze, dated April 13, 1901; James W. Bird to A. F. and B. W. Kountze, dated March 28, 1901; Calvin Quinn to A. F. and B. W. Kountze, dated March 28, 1901; Wade B. Butler to A. F. and B. W. Kountze, dated March 28, 1901; John D. Donahoe to A. F. and B. W. Kountze, dated March 28, 1901; Joe D. Pate to A. F. and B. W. Kountze, dated June 25, 1901; Ive 0. Holloway to A. F. and B. W. Kountze, dated March 29, 1901; John T. Evett to A. F. and B. W. Kountze, dated June 25, 1901"
— because said purported copies were not evidence of any fact, and have no support in the record to authorize its admission in proof of any fact in any manner in this cause; the objections to the admission of which, together with the reasons in support of said objections, fully appearing in plaintiff's bill of exception No. 8.
The proposition under this assignment is the same as under the sixth assignment hereinbefore quoted. What we have said in disposing of the sixth assignment applies to this assignment, and the same is overruled.
The ninth assignment of error complains of the action of the trial court in admitting in evidence, over the objection of the plaintiff, the testimony of John N. Wilson, in connection with the purported copies of purported leases of J. V. Holloway, James W. Bird, Calvin Quinn, Wade B. Butler, Job a *Page 1153 
Donahoe, Ive 0. Holloway, Joe Evett, and Joe D. Pate, because said copies were not evidence of any fact, and had no support in the record authorizing their use for any purpose, and the use of said copies in connection with the testimony of the said witness, and as a part thereof, was equivalent to establishing the facts by said illegal testimony alone, the objections to which testimony, together with the reasons urged in support of said objections, fully appear in plaintiff's bill of exceptions No. 9, filed as a part of the record in this cause.
The disposition of the seventh assignment of error disposes, also, of this assignment. It is therefore overruled.
The tenth assignment of error complains that the trial court erred in admitting, over the objections of the plaintiff, the purported lease of Joe D. Pate, in connection with the testimony of W, D. Sheffield, because said Joe D. Pate was not shown to be in possession of the land, or that he had ever asserted any claim thereto, or that he ever exercised any act of ownership thereover; but on the contrary, it is shown by the evidence, without contradiction, that the plaintiff alone used and cultivated the land in controversy, asserting ownership thereover and claim thereto, to the exclusion of all other persons, and therefore his rights could not be affected by any act or declaration of the said Joe D. Pate, which objections to the admission of said copy and the testimony of W. D. Sheffield with reference thereto, together with the reasons in support of said objections, fully appear in plaintiff's bill of exceptions No. 10, filed as a part of the record in this cause.
It was shown by the testimony of the witness Sheffield that J. D. Pate was occupying a portion of the land on the Hall survey, of which appellee was the owner of the record title; his testimony as to the execution of the lease by J. D. Pate, thus making the latter appellee's tenant, in our opinion, clearly admissible. And therefore this assignment is overruled.
By the twelfth assignment of error it is urged:
"The court erred in refusing to submit to the jury, as a part of the law of the case, special charge No. 1, requested by the plaintiff, filed as a part of the record in this cause, exceptions to which action of the court was duly preserved at the time, as fully appears from plaintiff's bill of exceptions No. 12 filed as a part of the record in this cause.
"Plaintiff, in support of this assignment of error, urges the following reasons: (a) The proof showed by the witness G. W. Pate that no such man as `J. L. Quinn' ever lived on the H. H. Hall survey; that he knew a man by the name of I. L. Quinn who lived on the H. H. Hall survey, and he died in the spring of 1894. (b) It was shown by the testimony of the witness William Pate that J. M. Holloway was not living on the H. H. Hall survey at or about the time of the supposed execution of the leases by W. B. Butler, J. L. Quinn, Charles Holloway, and J. M. Holloway; that J. M. Holloway's occupancy of the land was not continuous, and the proof further showed that Charles Holloway occupied that portion of the H. H. Hall survey embraced in the claim of W. H. Freeman. (c) The record reflects by no competent and legitimate testimony of any kind the fact of the execution of any tenancy leases by W. B. Butler, J. L. Quinn, Charles Holloway, and J. M. Holloway to the land in controversy with such certainty as to justify the court in withholding the execution of said tenancy leases as a fact issue from the jury, and the refusal to submit the execution of such tenancy leases as an issue of fact for the determination of the jury deprived the plaintiff of a valuable right."
We have carefully examined the record and the record shows that the testimony as to the execution of the leases or acknowledgments of tenancy mentioned in this assignment of error, and as to the occupancy by the said tenants under the leases of a portion of the Hall survey owned by appellee and those under whom he claims title, being undisputed, and coming from disinterested witnesses, there was no issue on this point for the court to submit to the jury, and the court therefore properly refused to give the special charge requested, as set out in this assignment. The assignment is overruled.
The thirteenth assignment of error is as follows:
"The court erred in failing and refusing to deliver to the jury, as a part of the law of the case, special charge No. 2 requested by the plaintiff, exceptions to which action of the court was duly preserved at the time, as fully appears from plaintiff's bill of exceptions No. 13.
"In support of this assignment of error, the plaintiff urges the following reasons: (a) The record in the cause reflects no testimony, legitimate and competent as evidence in the case, of such certainty, and of that conclusive character in its nature to the fact that J. V. Holloway executed a tenancy lease to A. F. and B. W. Kountze on the 13th day of April, 1901, that would authorize the court in withholding this fact from the jury to be determined by them as an issue in the case, and the failure and refusal of the court to submit to the jury special charge No. 2 as a part of the law of the case deprived the plaintiff of a valuable right."
The witnesses Wilson, Dunkin, Sheffield, and Kountze, as shown by the record, were not agents of appellee, and they testified positively to the fact of the execution of the leases or acknowledgments of tenancy, and as to the occupancy of the said tenants under the leases of a portion of the whole survey owned by appellee, and those under whom he holds title. We have examined this record carefully, and find no merit in this assignment, and it is therefore overruled.
The sixteenth assignment of error is as follows:
"The court erred, as set out in paragraph 3 of its findings of fact, in finding that the defendant, David L. Gallup, and those under whom he claimed, have been in the actual possession of the H. H. Hall survey of 1,280 acres by and through his tenants since September 28, 1894, except the tract of 8 acres and the tract of 18 acres found by the jury to have been held and inclosed by the plaintiff, T. J. Pate, and that no period of ten consecutive years prior to the filing of this suit has elapsed since the plaintiff, T. J. Pate, began to assert a claim to the land described in his petition, which time the defendant, David L. Gallup, was not in the actual possession of the H. H. Hall survey by and *Page 1154 
through his tenants except the tract of 8 acres and the tract of 18 acres: (a) Because the said findings of fact are not supported by the record, in that the record shows no legitimate and competent testimony to support said findings of fact."
We have examined the record with reference to the above assignment, and the overwhelming testimony shows that appellee and those under whom he deraigns his title have been in possession of the whole survey by tenants during all the time in which plaintiff's limitation title accrued, and we are therefore of the opinion that the court properly found these facts, and that any other finding on the part of the court would have been error. The testimony shows that appellee and those under whom he held the record title had been in actual possession of portions of the Hall survey under unrestricted leases to their tenants during all the time in which appellant's limitation title was accruing; and, the law being that such possession by the record owners draws to it the constructive possession of all of the survey except such as is in actual adverse occupancy, appellant was necessarily limited in his rights to the land actually held by him in actual possession for more than ten years prior to the institution of the suit, and the facts appearing from undisputed evidence and from the testimony of disinterested witnesses, the issue became purely one of law, and it being so treated by the court was not error, but, in our judgment, was in all things correct. We have made a careful examination of this record, and we are impressed with the idea that no error in the action of the lower court has been made of such importance as would justify a reversal of the case.
Being therefore of the opinion that the appellant has received a fair and impartial trial, and that his rights have been duly protected, and no error appearing in the action of the trial court, the cause is in all things affirmed.