### WHITEMAN v. WHITEMAN.  (No. 2427.)

(Court of Civil Appeals of Texas. Texarkana. May 19, 1921.)

Judgment ☞357—Not to be set aside after term because not binding on persons not made parties.

The court in vacation after term properly denied a motion to set aside a judgment for defendant in an action to establish a boundary line and for damages, on the ground that it was not binding on third persons whom plaintiff might properly have made parties because of interest they had in the subject-matter of the suit, where plaintiff did not show that he was deprived by fraud, accident, mistake, or other uncontrollable circumstances of the opportunity of properly presenting his cause upon the trial.

Appeal from District Court, Red River County; Ben H. Denton, Judge.

Suit by Henry S. Whiteman against Mrs. Levi J. Whiteman. From an order overruling a motion to set aside a judgment for defendant, plaintiff appeals. Affirmed.

See, also, 232 S. W. 888.

This suit was by appellant, as plaintiff, to establish the boundary line between land he owned and land appellee owned, and for damages. The trial was at the May, 1920, term of the court, when judgment was rendered in favor of appellee. No appeal was prosecuted from the judgment. During the vacation following said term of court appellant filed a motion to set aside the judgment on the ground that it did not "dispose of all the parties interested in the subject-matter of the litigation." The motion was overruled at the November, 1920, term of the court. The appeal is from the order overruling the motion.

T. T. Thompson, of Clarksville, for appellant.

Austin S. Dodd, of Clarksville, for appellee.

WILLSON, C. J. (after stating the facts as above). The judgment was a binding and final one as between the parties to the suit. That it was not binding on persons whom appellant did not make, but whom he might properly have made, parties because of interest they had in the subject-matter of the suit was not a reason in either law or equity why the court below should have set it aside. Hockwald v. Surety Co., 102 S. W. 181; Rob-

bie v. Upson, 153 S. W. 406; Drinkard v. Jenkins, 207 S. W. 353; Rogers v. Dickson, 176 S. W. 865. The term at which it was rendered having ended, appellant was not entitled to have the judgment set aside in the way he chose to proceed without showing that he had been "deprived," quoting the language of the court in Hockwald v. Surety Co., supra, "by fraud, accident, mistake, or other uncontrollable circumstances, of the opportunity of properly presenting his cause upon the trial." Appellant's insistence to the contrary is overruled, and the judgment is affirmed.