## WARREN v. HOUSTON OIL CO. OF TEXAS et al. (No. 924–5013.)

Commission of Appeals of Texas, Section B. May 16, 1928.

1. Appeal and error ⬡729—Assignment of error in giving summary instruction which embraced all evidence in case should have been considered as properly assigned.

Where error was assigned in giving summary instruction in assignment which embraced all evidence in the case, held that Court of Civil Appeals should have considered question as having been properly assigned.

2. Judgment ⬡743(2)—Judgment establishing that land sought to be recovered lay east of certain creek estopped plaintiff to claim a different location in a subsequent suit.

In suit in trespass to try title, in which both parties claimed title from common source under bankruptcy sale, and it was shown that judgment had been entered in bankruptcy proceedings showing location of land to be east of certain creek, as parties had agreed, held that plaintiff was estopped by judgment to assert that land was west of creek; hence summary instruction against him was not error.

3. Judgment ⬡725(1)—Judgment binds parties, not only as to actual adjudication, but to facts which were actually or necessarily decided.

Judgment as between parties thereto binds them in all subsequent suits, not only as to actual adjudication with respect to subject-matter,

but likewise as well as to those facts which were actually or necessarily decided in proceedings.

4. Judgment ⬡720—Judgment estops parties and their privies upon every question directly in issue which was passed upon by court.

Judgment estops parties and their privies upon every question which was directly in issue and was passed upon by court in arriving at its judgment.

5. Appeal and error ⬡750(1)—Judgment will not be reversed although unsupported by ground stated where assignment of error does not state ground on which it may be overturned.

Judgment will not be reversed because ground stated by court therefor does not support it, where assignment of error does not state ground on which it may be overturned.

6. Appeal and error ⬡748—Supreme Court need not read statement of facts to ascertain whether allegation in pleading was supported by evidence, in absence of proper assignment of error.

Supreme Court held not required to read entire statement of facts to ascertain whether allegation in petition was supported by evidence, in absence of proper assignment of error.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Trespass to try title by John B. Warren against the Houston Oil Company of Texas, Nellie B. League, individually and as independent executrix of the estate of J. C. League, deceased, and others, in which defendants other than Nellie B. League filed a cross-action against T. R. Singletary and another. To review a judgment of the Court of Civil Appeals (296 S. W. 637) affirming judgments for the cross-complainants against the plaintiff and cross-defendants and reversing and rendering judgment against defendant League, plaintiff brings error. Affirmed.

Adams & Hamilton, of Jasper, and John B. Warren, of Houston, for plaintiff in error.

Tom C. Stephenson, of Beaumont, for Henry Myers.

Terry, Cavin & Mills, of Galveston, for League.

H. O. Head, of Sherman, J. B. Forse, of Newton, and Andrews, Streetman, Logue & Mobley, and Kennerly, Williams, Lee, Hill & Sears, all of Houston for other defendants in error.

SPEER, J. This is a suit in trespass to try title to 218 acres of land, a part of the Richard Sims league in Newton county, Tex., brought by John B. Warren against Houston Oil Company and others. At the conclusion of the evidence, the trial court instructed a verdict against the plaintiff as to all of the defendants except Mrs. Nellie B. League, against whom he instructed a verdict in plaintiff's favor for $220 on the issue of war-

ranty of title; the plaintiff claiming under a warranty deed from the deceased husband of Mrs. Nellie B. League. The plaintiff appealed, and the Court of Civil Appeals declined to consider his assignments of error for the reasons set out in its opinion. ·296 S. W. 637.

[1] The brief of appellant in the Court of Civil Appeals was flagrantly in violation of the rules, and that court was justified in refusing to consider it upon any of the numerous questions presented except that of the error of the trial court in giving a summary instruction. The nature of the error embraced in the wrongful giving of a summary instruction is such as to call for a statement from the record of all the evidence that could have authorized the submission of the case to the jury, and whether or not this would require the inclusion of all the evidence in the case would depend upon a fair discretion and might or might not require so extensive a statement. It certainly is commendable in· any case to limit the statement from the record to those parts only which are material to the particular assignment it is intended to support. But we are not prepared to say that an attorney, in presenting an assignment complaining of the wrongful giving of a summary instruction, has abused his discretion or violated the rules, when he sets out all of the evidence in his statement thereunder. We think the Court of Civil Appeals should have considered this question, not as fundamental error as plaintiff in error calls it, for it is not fundamental error (Ford v. Flewellen [Tex. Com. App.] 276 S. W. 903), but as having been properly assigned. We have considered the assignment, but are of the opinion it should be overruled.

[2-4] This was an action of trespass to try title, in which both parties claimed the title of T. S. McFarland, a common source under a bankrupt sale. The bankrupt deed purported to convey "fourteen hundred and ninety-five acres of land (1495) (less 200 acres exempted to bankrupt as his homestead) of the headright of Richard Sims situated on the waters of the Sabine river and lying in Newton county, Tex." In a certain intervention suit in the United States District Court No. 657, the receiver of the bankrupt sued J. C. League, through whom plaintiff in error deraigns title, to recover the T. S. McFarland land, and the matter was referred to the Honorable Joseph D. Sayers as special master to take the testimony and make recommendations and findings of fact and of law. The case was tried and disposed of upon the master's report. In that case it became an issue where the McFarland land was located with reference to Big Cow creek. Both parties agreed that it was located to the east of that creek, and both parties expressly dismissed as to that portion of the Sims lying west of Big Cow creek. The report of the master as

adopted by the court showed, and the testimony including that of the defendant League indisputably supported, the finding that the McFarland land lay in the south half of the Sims and to the east of Big Cow creek. The land sued for in this case is a part of the south half of the Sims, but lies west of Big Cow creek. The plaintiff below pleaded this judgment as res adjudicata. We think this judgment operates as an estoppel against plaintiff in error, and required the instruction given by the trial court.

A judgment as between the parties thereto binds them in all subsequent suits, not only· as to the actual adjudication with respect to the subject-matter, but likewise as well as to those facts which were actually, or necessarily, decided in the proceeding. The judgment estops the parties, and of course their privies, upon every question which was directly in issue and was passed upon by the court in arriving at its judgment. Hanrick v. Gurley, 93 Tex. 480, 54 S. W. 347, 55 S. W. 119, 56 S. W. 330; Tompkins v. Hooker (Tex. Civ. App.) 200 S. W. 193; Old River, etc., Co. v. Stubbs (Tex. Civ. App.) 168 S. W. 28; Stephenson v. Miller-Link Lumber Co. (Tex. Com. App.) 277 S. W. 1039.

Now the location of the McFarland land was as much within the issues determined by that court as was the title. The parties voluntarily submitted that matter in their pleadings, both agreeing as to the fact. It comprehended the fact that no part of the Sims west of Big Cow creek passed by the trustee's deed. Under such circumstances neither will be permitted thereafter as against the other to deny such fact. This being true, the plaintiff in error showed no title, and the summary instruction against him was therefore correct.

[5, 6] As to the complaint that the Court of Civil Appeals erred in reversing and rendering the judgment as to Mrs. League's liability on the warranty of her deceased husband, no error is shown. The assignment attacks the ruling because the ground stated by the court therefor is not supportable. We are inclined to hold that the ruling cannot be supported upon the ground stated by that court, but the plaintiff in error shows nothing that could overturn the judgment. In other words, there is nothing stated under the assignment to show that plaintiff in error was in any event entitled to recover against Mrs. League upon her husband's warranty of title. There is an allegation in the petition that she had received property of the estate exceeding the sum claimed on the warranty. There may have been evidence to support the allegation; we are not informed, and are not required to read the entire statement of facts to ascertain.

We recommend that, for the reason given, the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.