## UNION MORTGAGE CO. et al. v. McDONALD.

### No. 12410.

Court of Civil Appeals of Texas. Fort Worth.

July 12, 1930.

J. E. Whitehead, of Dallas, for appellants.

Mike E. Smith and Fred S. Dudley, both of Fort Worth, for appellee.

CONNER, C. J.

This appeal presents closing proceedings in the litigation of the Baptist Missionary & Educational Convention of the State of Texas v. J. E. Knox et al. The convention is an incorporated body of the Colored Baptists of Texas, designed to promote the educational and religious interests of that church, and the litigation grew out of the claims of rival factions in the church, each claiming authority to control the convention and administer its affairs. One faction was headed by E. L. Harrison; the other by E. Arlington Wilson. Harrison sought by injunction to restrain the Wilson group from exercising the functions of officers of the convention then in session in the city of Sherman, Tex. On appeal from the judgment of the district court, the Dallas Court of Civil Appeals held that the group headed by E. L. Harrison had been the duly elected officers of the convention and invested with authority as such.

During the pendency of the appeal to the Dallas court, to wit, on February 2, 1929, J. E. Knox, a member of the Harrison faction, instituted suit in the district court of Tarrant county for the appointment of a receiver of the properties of the convention. On a hearing the district court appointed W. M. McDonald, of the city of Fort Worth, receiver, and such appointment was confirmed by this court on appeal, as may be seen by reference to our opinion handed down on November 2, 1929. See Baptist Missionary and Educational Convention v. Knox (Tex. Civ. App.) 23 S. W. (2d) 781, where a history of the controversy is indicated.

After the appeal to this court, the receiver proceeded in the discharge of his duties, and under the orders of the district court accumulated a large sum of money from sales of certain properties of the convention and from other sources which was subject to the claims of some fifty or more creditors who had intervened in the receivership suit. On March 30, 1930, the case was called in the district court and the claims of intervening creditors were heard and passed upon. The judgment recites that the convention, the receiver, and each of the intervening creditors had been duly cited and appeared; that the funds in the hands of the receiver was sufficient to pay all approvable claims, costs of the receiver, etc., and approved and ordered the receiver to pay certain claims of specified interveners ranging from $30 to $3,027.65, aggregating a total of $64,731.85.

Among others, the appellant Union Mortgage Company and appellant J. E. Whitehead, president of the mortgage company, each had intervened. The mortgage company presented an itemized account or claim of indebtedness against the convention, aggregating $370.45. J. E. Whitehead, who had co-operated with the Wilson faction, claimed attorney's fee of $1,000, and for certain sums advanced, costs paid, etc., all aggregating $1,-278.36. The court approved the claim of the mortgage company to the extent of $183.35, and ordered the payment thereof, but denied the balance of the claim. The court further denied the claim of Whitehead altogether, and each of these interveners by separate appeal now complain of the judgments so rendered.

■■ Appellees first urge a dismissal of the appeal of the mortgage company on the ground that it is a foreign corporation whose permit to do business in this state has been forfeited and the present intervention is prosecuted without a renewal of the permit.

Article 7091, Rev. Civ. Statutes of 1925, provides that corporations that shall fail to pay the franchise tax prescribed by that law within the period specified shall forfeit its right to do business in this state. In such cases, the forfeiture is consummated by the secretary of state entering upon the margin of the record kept in his office the words, "right to do business forfeited," giving the date of such forfeiture. Under the terms of the next article of the statute, a corporation may be relieved of the forfeiture by paying the tax and penalties prescribed at any time within six months. These articles also provide that any corporation that shall suffer a forfeiture without a revival "shall be denied the right to sue or defend in any court of this State, except in a suit to forfeit the charter of such corporation."

In cases where the fact of forfeiture and failure to obtain relief therefrom have been seasonably brought to the attention of the court, the quoted provisions of the statutes above have been applied and enforced. Canadian Country Club v. Johnson (Tex. Civ. App.) 176 S. W. 835; Millsaps v. Johnson (Tex. Civ. App.) 196 S. W. 202; Dunlap v. Southerlin, 63 Tex. 38. But in its petition of intervention, the Union Mortgage Company fails to state whether it has been duly incorporated either as a domestic or foreign corporation, or whether it is an association of persons engaged in a common enterprise or a partnership, or whether it was doing business under an anonymous name. It does not appear, however, that the court was called upon to rule on any general or special exception calling for a more specific statement of the character of the intervening mortgage company. Nor does it appear that any verified plea in behalf of appellees was presented which questioned the capacity of the mortgage company to sue, as required by clause 2 of article 2010 of our statutes relating to pleadings; nor was the capacity of the intervening plaintiff to maintain its plea of intervention questioned or urged in the court below by any assignment of error or in a motion for new trial. On the contrary, for the first time and as part of the motion to dismiss it is made to appear by certificates of the secretary of state that the Union Mortgage Company is a foreign corporation whose permit to do business in this state was forfeited July 2, 1925, prior to the filing of the company's plea of intervention, and that no relief therefrom has been secured. Under such circumstances, we think it now too late to raise the question. In Panhandle Tel. & Tel. Co. v. Kellogg Switchboard & S. Co., 62 Tex. Civ. App. 402, 132 S. W. 963, writ of error denied, it was held in effect that the issue of a corporation's right to do business in Texas without a permit can only be raised by plea and supporting evidence in the trial court. The question is not one affecting our jurisdiction, and we approve the holding in the case last cited and conclude that appellee's motion to dismiss the appeal of the Union Mortgage Company must be overruled.

■ This brings us to a consideration of the joint brief filed in behalf of the interveners Union Mortgage Company and J. E. Whitehead. Each of these interveners separately present in a joint brief two assignments of error. Those assignments are identical in terms and read as follows:

"1. The court erred upon consideration of the law and evidence at the trial in denying judgment in favor of intervener, the Union Mortgage Company, for the full amount of its debt claimed.

"2. The court erred in entering judgment for the receiver denying the debt claimed by this intervener, the Union Mortgage Company."

Neither assignment is followed by either of the appealing interveners with propositions or a statement of the evidence with references to the statement of facts.

In the rules prescribed for the government of Courts of Civil Appeals, rule 23 provides that: "Said record should contain an assignment of errors as required by the statute."

Rule 24 provides that: "The assignment of error must distinctly specify the grounds of error relied on and distinctly set forth in the motion for a new trial in the cause, and a ground of error not distinctly set forth in a motion for a new trial in the cause and not distinctly specified in reference to that which is shown in the record, or not specified at all, shall be considered as waived, unless it be so fundamental that the court would act

upon it without an assignment of error.
* * * "

Rule 25 provides that: "To be a distinct specification of error, it must point out that part of the proceedings contained in the record in which the error is complained of, in a particular manner, so as to identify it, whether it be the rulings of the court upon a motion, or upon any particular part of the pleadings, or upon the admission or rejection of evidence, or upon any other matter relating to the cause or its trial, or the portion of the charge given or refused, the fact or facts in issue which the evidence was incompetent or insufficient to prove, the insufficiency of the verdict or finding of the jury, if special, and the particular matter in which the judgment is erroneous or illegal, with such reasonable certainty as may be practicable, in a succinct and clear statement, considering the matter referred to, and must refer to that portion of the motion for a new trial in which the error is complained of."

Rule 26 provides: "Assignments of error which are expressed only in such general terms as that the court erred in its rulings upon the pleadings, when there are more than one, or in its charge, when there are a number of charges, or the verdict is contrary to law, or to the charge of the court, and the like, without referring to and identifying the proceedings, will not be regarded by the court as a compliance with the statute requiring the grounds to be distinctly specified, and will be considered as a waiver of errors, the same as if no assignment of errors had been attempted to be filed."

Rule 30 provides: "Following the statement of the case there shall be stated consecutively, separately subdivided and numbered, the propositions or points upon which the appeal is predicated. These shall be germane to one or more of the assignments of error or relate to fundamental error."

We think it plain that the brief is materially defective in its noncompliance with the rules. In Cooper v. Hiner, 91 Tex. 658, 45 S. W. 554, it is held that an assignment of error copied into briefs which is not followed by a proposition, supported by statements from the record, may be disregarded. In Pullman v. Hoyle, 52 Tex. Civ. App. 540, 115 S. W. 315, 318, it is held that an assignment of error not presenting a distinct proposition for reversal, nor followed by such proposition thereunder, will not be considered.

In Masterson v. Glaze (Tex. Civ. App.) 46 S. W. 1048, it is held that an assignment of error that defendants excepted in open court to the findings of the court, both as to the facts and to the law in the case, because the findings of fact do not contain all the facts adduced on the trial, and the finding of law was not supported by the facts, is not such as is contemplated by court rules 26 and 27.

In the case of Estes v. Estes (Tex. Civ. App.) 122 S. W. 304, it is held that an assignment that the verdict is clearly against the law, the evidence, the great preponderance of evidence, and directly against the admitted, agreed, and uncontradicted evidence, is too general and indefinite under Court of Civil Appeals rules to require consideration.

Numerous other decisions of like effect are to be found in the notes given in Harris' Rules of the Courts under the rules from which we have quoted.

In entering the judgment in so far as it relates to the Union Mortgage Company, the court's recitation was to the effect that it appeared from the evidence that the items of $183.35 and the $100 presented in the account of the mortgage company was just and should be approved; but that the convention and the receiver should be "discharged and acquitted of any and all liability by reason of any further demand here, to which judgment the Union Mortgage Company through its attorney in open court excepted and gave notice of appeal," etc.

In its relation to the appellant J. E. Whitehead, the judgment, after reciting the appearance of the intervener and of the receiver, further recites that: "It appearing to the court from the pleading and evidence that the plaintiff's demand is based upon a sworn account for services rendered to the Baptist Missionary and Educational Convention of the State of Texas as an attorney at law; and it further appearing to the Court from the evidence that the said J. E. Whitehead as such attorney did not render any services of value as such attorney upon either occasion as set forth in said account herein sued on, and no benefit was received by the Baptist Missionary and Educational Convention by reason of said claim of service; and it further appearing to the court that in the matters wherein the said J. E. Whitehead claims to have rendered service in the 48th District Court of Tarrant County and in the Court of Civil Appeals for the Second Judicial District that said services were obstructive to the orderly administration of the Receivership and were without value and not rendered for the benefit of the Baptist Missionary and Educational Convention of the State of Texas; and it further appearing to the court that all of said claimed service as an attorney at law by the said J. E. Whitehead was rendered at the instance of E. Arlington Wilson in the promotion of a factional controversy and no authority being shown authorizing such employment; and the court, being fully advised, is of the opinion that the said J. E. Whitehead ought not recover upon said claim."

The statement of facts contains some 182 pages of evidence heard by the trial court, and it seems evident that to obtain a clear and convincing knowledge of the error, if any,

of the court in a matter of law, or the error, if any, of the court in his conclusions of fact, as suggested in the assignments of error presented, would require a long and laborious examination of the evidence, which the rules, in the interest of a prompt and orderly dispatch of its business, requires this court to avoid. Indeed, in the absence of specific references to the evidence and to the actions of the court relied upon, it cannot be said that an examination would lead to a result satisfactory to this court or counsel.

On the whole, we conclude that the record discloses no error fundamental in character, and that the intervening appellants' assignments of error should be disregarded for noncompliance with the rules, and the judgment is affirmed.