as result from injuries received on the right of way, as a consequence of the failure to maintain a legal fence.

■ The place of entry is important in determining whether or not the failure to maintain the fence is the proximate cause of the injury. If the company is required to fence at the point where the cattle enter the right of way and thereafter stray along the right of way across a defective cattle guard until injured by a train operated by the railroad at a place not required to be fenced, it cannot be said, as a matter of law, that the negligence of the company in not maintaining a legal fence at the point of entry is not the proximate cause of the injury to the stock. In our opinion, it is an issue of fact to be determined under all the evidence.

The rule announced in the following cases: St. Louis, Southwestern Ry. Co. v. Buice (Tex. Com. App.) 275 S. W. 996; Railway Co. v. Ogg, 8 Tex. Civ. App. 285, 28 S. W. 347; Railway Co. v. Blankenbeckler (Tex. Civ. App.) 35 S. W. 331, and other similar cases, is not controlling. In those cases the rule was correctly announced that if the injured animal entered at a place like the depot grounds and switching limits, which the railroad was not required to fence, no recovery can be had. In those cases the negligence of the railroad company in not constructing and maintaining a fence, as required by law, at the point where the cattle entered the right of way of the railroad company was not involved.

We answer the question "Yes."

CURETON, C. J.

The opinion of the Commission of Appeals, answering the certified questions, is adopted and ordered certified.

### MOORE v. KRENEX et al.
### No. 1174—5495.

Commission of Appeals of Texas, Section B.
June 10, 1931.

The Bowers, of Giddings, and William O. Bowers, Jr., of Beaumont, for plaintiff in error.

E. T. Simmang, of Giddings, for defendants in error.

LEDDY, J.

This case was submitted to a jury upon special issues and judgment entered in favor of defendants in error in accordance with the findings of the jury. Plaintiff in error filed a motion to set aside the verdict, which does not appear to have been acted upon or called to the attention of the trial court. Exception was taken to the judgment, notice of appeal given, and the same was duly perfected by filing proper bond.

Plaintiff in error filed no assignments of error in the trial court, nor does his brief filed in the Court of Civil Appeals contain any assignments of error or adopt any of the grounds urged in the motion to set aside the verdict.

An examination of the brief filed in the Court of Civil Appeals shows that plaintiff in error asserted eleven propositions, nine of which are mere legal abstractions in which no complaint is made of any action of the trial court. The basis of these propositions appears to be a bill of exception taken to the refusal of the trial court to instruct the jury to return a verdict in his favor. One of the remaining propositions complains of the trial court's definition of the term "fraud," while the other asserts there was no evidence in the record justifying the submission of any issues by the trial court. The basis for these last two propositions seems to be a bill of exception taken to the action of the trial court in refusing to sustain plaintiff in error's objection to the charge at the time it was submitted to the jury.

■ Where there has been a reasonable effort to comply with the statute and rules of the Supreme Court in briefing cases, we have been extremely liberal in considering questions attempted to be presented for determination. But where, as here, the prescribed method of procedure has been completely disregarded and no assignments of error filed in the trial court or contained in the brief filed in the Court of Civil Appeals, there is nothing presented for review, unless the record discloses fundamental error. Natkin Engineering Co. v. Ætna Casualty & Surety Co. (Tex. Com. App.) 37 S.W.(2d) 740, and authorities there cited.

■ It was not a discretionary matter with the Court of Civil Appeals as to whether it would consider the legal propositions urged by plaintiff in error. It was determined by us in Clonts v. Johnson, 116 Tex. 489, 294 S. W. 844, 846, in answering certified questions, that in the absence of assignments of error the Court of Civil Appeals must confine its consideration of the case to fundamental error. In passing on this question Judge Speer, speaking for the court, said: "Where an appellant or plaintiff in error wholly fails to copy any assignments of error in his brief, the Court of Civil Appeals should confine its consideration of the case to those fundamental errors apparent on the face of the record. Its authority to revise the action of the lower court is limited to those questions (not fundamental) duly assigned as error, and it has no discretion, even though it thinks the ends of justice require such course, to substitute a method of its own for reviewing the judgment of the lower court for that method prescribed by the lawmaking power. While it is not necessary that the assignments required to be filed below should be literally copied into the brief, yet they must be at least substantially reproduced."

■■ It may be admitted that there is a conflict between some of the decisions of the Courts of Civil Appeals on the question as to whether the giving or refusal of a peremptory instruction constitutes fundamental error which the Court of Civil Appeals is required to consider in the absence of a proper assignment of error complaining of the trial court's action. The conflict on this question, however, was settled in the approval by the Supreme Court of the opinion of this commission in Ford & Damon v. Flewellen, 276 S. W. 903, wherein it was held that such action of the trial court could not be reviewed in the absence of an assignment of error. In deciding this question, Judge Powell, speaking for this commission, said: "When, as stated by the Court of Civil Appeals in this case, the only method for determining whether or not a fundamental error has been committed is by going through the entire statement of facts, then that court is not required to pass upon such a question. Any other rule, as we see it, would place an almost unbearable burden upon our appellate courts."

An examination of the record, without perusal of the statement of facts, does not disclose that an improper judgment has been rendered in this case; hence the Court of Civil Appeals should have affirmed the judgment of the trial court.

We recommend that the judgment of the Court of Civil Appeals [17 S.W.(2d) 89] be reversed, and the judgment of the trial court affirmed.

CURETON, C. J.

The judgment of the Court of Civil Appeals is reversed, and that of the district court is affirmed, as recommended by the Commission of Appeals.