COMMERCIAL INV. CO. OF UVALDE v.
GRAVES et al.
No. 10528.

Court of Civil Appeals of Texas.
San Antonio.
May 10, 1939.

Rehearing Granted Sept. 20, 1939.

Rehearing Overruled Nov. 1, 1939.

440

Ditzler H. Jones and Wm. J. Fuller, Jr., both of Uvalde, for appellant.

Morriss & Morriss and G. B. Fenley, Jr., all of San Antonio, for appellees.

MURRAY, Justice.

This suit was instituted by Commercial Investment Company of Uvalde, Texas, a private corporation, against C. R. Graves and J. W. Vanham, upon a certain promissory note dated January 12, 1933, for the principal sum of $4,029.18, and for foreclosure of a deed of trust upon certain real estate belonging to C. R. Graves; the deed of trust having been executed by Graves to secure the payment of this note. After the suit was filed C. R. Graves died and his surviving wife and heirs were made parties. J. W. Vanham defended on the ground that he was an accommodation endorser of the note.

The trial was to a jury and only one special issue was submitted, to-wit:

"Do you find from a preponderance of the evidence that J. W. Vanham signed the note in evidence, dated July 12, 1932, at the instance and for the benefit of the Commercial National Bank for the sole purpose of enabling said Bank to use said note as collateral in obtaining a loan from Reconstruction Finance Corporation with the understanding with the Commercial National Bank that said Bank would not hold said J. W. Vanham for payment of said note?"

The answer of the jury was in the affirmative.

By way of explanation, the note sued on was given in renewal of the note dated July 12, 1932, and the Commercial Investment Company, plaintiff below, was a private corporation, organized without banking privileges to liquidate the affairs of the Commercial National Bank, and in taking over all the assets of the Bank came into possession of the note sued on herein.

In keeping with the verdict of the jury, judgment was rendered denying any recovery against J. W. Vanham; the Company was given judgment against the surviving wife and heirs of C. R. Graves for a foreclosure of the deed of trust lien on the real estate described therein.

The Commercial Investment Company has prosecuted this appeal complaining of the failure of the trial court to give it a personal judgment against J. W. Vanham.

Appellant's first assignment of error is as follows:

"The Judgment of the Court in this case is contrary to the law and Plaintiff's Motion for an instructed verdict should have been granted and Judgment rendered against the Appellee, J. W. Vanham, as the said J. W. Vanham, as a matter of law, was not and could not be an accommodation maker on said note under the facts and circumstances developed in the trial of this case for in order that he might avail himself of the defense of an accommodation maker under Article 5933, Section 29 of the Negotiable Instrument Act, he must not be the recipient of any consideration deemed valuable in law, his act

in executing the note sued upon herein by Plaintiff must have been void of present or anticipated personal profit, gain or advantage. He being Cashier and Director of the Commercial National Bank at the time he signed the note sued upon by Plaintiff and the note of which the same was a renewal and, at said time being a stock holder in said Banking corporation, he was interested in the welfare of said Bank and to the extent of the stock owned by him in said Bank, he owned an interest in its property. This interest was sufficient consideration to make him liable as principal debtor in the execution of said note although the proceeds were for the use and benefit of said Commercial National Bank, he having signed said note in order to enable the Bank to borrow money for the purpose of carrying on its business and for the purpose of enabling it to continue to conduct its business."

It is alleged to be based upon assignment of error No. 2, which reads as follows:

"Under the law and the facts in this case, the said J. W. Vanham then being Cashier and also one of the larger stockholders in the Commercial National Bank of Uvalde, Texas, at the time he signed said notes in question, could under no circumstances have been an accommodation maker on said note for the reason that, as testified to by the said J. W. Vanham upon the trial of this case, he signed said notes in order to enable the Commercial National Bank of Uvalde, Texas, to obtain money from the Reconstruction Finance Corporation for the purpose of keeping said Bank going and protecting his interest therein and, in order for him to avail himself of the defense of an accommodation maker under Section 29 of the Negotiable Instruments Law, Article 5933, he must not be the recipient of any consideration deemed valuable in law. His act in executing the paper must be void of any present or anticipated personal profit gathered or advantage."

An examination of appellant's motion for a new trial discloses that the ground of error presented by this proposition and assignment of error was not presented to the trial court. We therefore cannot consider this proposition or the alleged assignment of error on which it is supposedly based. Amended rules for the Courts of Civil Appeals, No. 24, 99 S.W.2d XXIX; 3 Tex.Jur. 821, § 579; Stillman v. Hirsch, 128 Tex. 359, 99 S.W.2d 270;

Texas & N. O. Ry. Co. v. McGinnis, 130 Tex. 338, 109 S.W.2d 160; Trapp v. Lampton, Tex.Civ.App., 112 S.W.2d 1112.

Neither is this ground of error based upon fundamental error. Refusal to give an instructed verdict does not present fundamental error. Moore v. Krenex, Tex.Com.App., 39 S.W.2d 828; Meuly v. Miley, Tex.Civ.App., 15 S.W.2d 654; Cox v. Rio Grande Valley Telephone Co., Tex.Civ.App., 13 S.W.2d 918; Warren v. Houston Oil Co., Tex.Com.App., 6 S.W. 2d 341; Ford & Damon v. Flewellen, Tex. Com.App., 276 S.W. 903.

Appellant's second proposition reads as follows:

"As a Proposition of law, appellant urges that it was absolutely necessary, in order for the said J. W. Vanham to be released from liability upon the note sued on by Plaintiff by reason of the fact that he was an accommodation maker, that he must also have an agreement with the payee that he was not to be held liable on said note and Appellant's Motion for an instructed verdict, which will be found set out on page 49 of the Transcript Record herein, which Motion is as follows, to-wit:

" 'Now comes Commercial Investment Company of Uvalde, Texas, Plaintiff in the above entitled and numbered cause and moves the Court to grant Plaintiff judgment in this cause for its debt against Joe W. Vanham, individually, and the Estate of C. R. Graves and foreclosure of its lien notwithstanding the verdict of the jury because the undisputed facts and the law in this case are with the Plaintiff and entitle Plaintiff to a judgment notwithstanding the verdict of the jury to the contrary.

" 'Wherefore, Plaintiff now prays the Court that it be granted judgment in this cause as prayed for in its Original Petition on file herein.'

"should have been granted. Also see Appellant's Bill of Exception No. 1, pages 56-57 of the Transcript Record herein."

It will be noted that this proposition refers to appellant's motion for an instructed verdict, but copies in full a motion for judgment non obstante veredicto and follows this by a reference to a bill of exception on pages 56, 57 of the transcript. On these pages of the transcript is found a bill of exceptions complaining of the court's action in overruling appellant's motion for an instructed verdict. No refer-

ence is made in this bill of exceptions to the motion for a new trial, which had been filed and overruled several days before this bill of exceptions was approved. The proposition states that it is based upon assignments of error 3 and 4. There is no assignment of error 3 or 4 in the brief, so such reference must be to paragraphs 3 and 4 of appellant's motion for a new trial. Paragraphs 3 and 4 of the motion for a new trial read as follows:

"Because the Court erred in overruling Plaintiff's Motion for an instructed verdict herein for the reason that the evidence is undisputed that no agreement was ever made with Commercial Investment Company, Plaintiff in this case of The Commercial National Bank of Uvalde, Texas, agreeing not to hold the Defendant, J. W. Vanham, liable on said note.

"Because there is not one scintilla of evidence in the record of this case to the effect that The Commercial National Bank of Uvalde, Texas, ever at any time agreed not to hold the said Defendant, J. W. Vanham, liable upon said note."

We therefore take it that by this assignment of error appellant intended to contend that there was no evidence to show that the bank agreed not to hold Vanham liable on said note, and that therefore the court should have granted appellant's motion for an instructed verdict.

The evidence shows that the note dated July 12, 1932, was originally signed only by C. R. Graves and that Vanham signed it as an accommodation to the Bank, to enable the Bank to use the note as collateral in securing a loan from the Reconstruction Finance Corporation, and that it was understood there was to be no liability as between Vanham and the Bank. The note sued on, dated January 12, 1933, was nothing more than a renewal of the obligation contained in the note of July 12, 1932. There is evidence supporting the finding of the jury that Vanham was an accommodation endorser of the note for the sole purpose of lending his credit to the payee of the note. Under such circumstances there would be an implied promise as between the original parties not to hold the accommodation endorser. Appellant is the successor of the original payee in the note. It has the same stockholders and the same officers as the original payee, and took over all the assets of the payee. Appellant took the note after it was past due

and with the knowledge of Vanham's claim that he was an accommodation maker.

In 8 C.J. p. 259, it is stated: "The party for whose benefit accommodation paper has been made acquires no rights against the accommodation party who may set up the want of consideration as a defense to an action by the accommodated party, since as between them there is no consideration, a fact which is always a defense to a suit on negotiable paper between the immediate parties. * * *"

The trial court did not err in overruling appellant's motion for an instructed verdict.

■ Appellant's third proposition does not show it to be based upon any assignment of error contained in the motion for a new trial or otherwise; it is multifarious and is not followed by a statement such as is required by Court of Civil Appeals Rule 31, 142 S.W. xiii. See, also, Union Mortgage Co. v. McDonald, Tex. Civ.App., 30 S.W.2d 506; Schaff v. Fancher, Tex.Civ.App., 215 S.W. 861; Pate v. Gallup, Tex.Civ.App., 195 S.W. 1151; Irving v. Texas &. Pac. Ry. Co., Tex.Civ. App., 157 S.W. 752; Western Union Telegraph Co. v. Golden, Tex.Civ.App., 201 S. W. 1080.

■ This court is without authority to consider an error, unless the same be fundamental or raised by a proper assignment of error presented in the brief. Greenwall v. Ligon, Tex.Com.App., 14 S.W.2d 829; Clonts v. Johnson, 116 Tex. 489, 294 S.W. 844; Devlin v. Heid Bros., Inc., Tex.Civ. App., 21 S.W.2d 746.

The judgment is affirmed.

### On Motion for Rehearing.

■ We have concluded that we were in error in holding that the evidence herein is sufficient to show that appellee was an accommodation endorser of the note in suit. If appellee had not been connected with the bank, either as an officer, director or stockholder, he would have been, under the facts, an accommodation endorser of the note. But, in view of the fact that he was an officer, director and stockholder in the Bank, he cannot here be considered as an accommodation endorser.

■ After a careful consideration of the authorities, we have definitely decided that it is the settled law of this State that where an officer, director and stockholder of a

bank signs a note of the bank, either as maker or endorser, with the view of improving the assets of the bank and to enable it to borrow money, he is not in law regarded as an accommodation signer or endorser, and such note is not accommodation paper. The personal interest which such officer, director and stockholder has in seeing the bank secure the money it needs and the benefit which he may ultimately receive by reason of such loan to the bank is in part the consideration for his signature, and he cannot be regarded as an accommodation signer of the note.

The authorities to this effect are numerous: 8 C.J. pp. 255 and 256, § 403; 11 C.J.S., Bills and Notes, page 297, § 742; 7 Am.Jur. p. 939, § 244; 95 A.L.R. Annotations pages 534 et seq.; Robertson v. City Nat. Bank, 120 Tex. 226, 36 S.W.2d 481; Shaw v. McShane, Tex.Com.App., 50 S.W.2d 278; Barr v. Huitt, Tex.Civ. App., 76 S.W.2d 587; Whiteman v. Bishop, Tex.Civ.App., 289 S.W. 730; Com. Nat. Bank v. Goldstein, Tex.Civ.App., 261 S.W. 538; Exum v. Mayfield, Tex.Civ.App., 286 S.W. 481.

█ Appellant contends that even though the paper may have been based upon a consideration, so long as it was hypothecated with the Reconstruction Finance Corporation, that after the Reconstruction Finance Corporation was fully paid and the note returned to the Commercial National Bank, it became accommodation paper as between him and the Bank. We overrule this contention, because, first, the note being based upon a consideration it was not accommodation paper, and, in the second place, appellant having permitted the note to remain for some time as an asset of the Bank and to be transferred to the appellant as an asset of the Bank is not now in a position to assert that the note is not a binding obligation as to him. This is true notwithstanding the fact that the Bank never became insolvent and notwithstanding the fact that the officers, directors and stockholders of the appellant may have had full knowledge of all the facts surrounding appellee's signing of this note, because in the eyes of the law the note was based on a consideration.

What is said in Markville State Bank v. Steinbring et al., 179 Minn. 246, 228 N.W. pages 757, 759, has a bearing here. The Court says: "The question of estoppel has not been greatly urged in the arguments. Upon the facts here presented, it seems quite clear that defendant is estopped from questioning the validity of this note as an asset of the bank. By taking part in the reopening of the bank as one of its directors, inducing such reopening on the faith of his note, holding it out by his reports to the banking department as a valid asset, and remaining a director for many years, he should now be estopped from questioning the validity of his note. The bank, by reopening and continuing in business for many years, has so changed its position, on the faith of this and other assets contributed to enable it to reopen and continue in business, that it must be apparent that to now hold this note and other like securities of no value would result in serious loss and injury to the bank. Defendant concedes that, as to creditors of the bank in case of insolvency, he would be estopped. We think the facts shown here go beyond that and show an estoppel as against the claim of the bank as well."

In the case at bar the note being based upon a consideration at the time it was signed by appellee, it became a binding obligation and not subject to the contention that it was accommodation paper. The jury finding that there was not any consideration is contrary to the law and cannot support the judgment for appellee.

█ The above holdings are based upon facts apparent of record and fundamental in their nature and must be noticed, though not properly presented in appellant's brief.

█ Appellee contends that inasmuch as appellant extended the time of payment of the note without his consent he was thereby released. The note contained the following provision: "and consent that time of payment may be extended without notice thereof to any of the sureties of this note." This constituted a waiver on the part of appellee of his right to be notified of any extension of time of payment and gave his consent that time of payment might be extended. Darby v. Farmers' State Bank, Tex.Civ.App., 253 S.W. 341; National Bank of Commerce v. Kenney, 98 Tex. 293, 83 S.W. 368; Jackson v. Home Nat. Bank, Tex.Civ.App., 185 S.W. 893; Commonwealth National Bank v. Goldstein, Tex.Civ.App., 261 S.W. 538; Sharpe v. National Bank, Tex.Civ.App., 272 S.W. 321.

Appellee contends further, however, that he not only did not consent to the exten-

sion, but, on the contrary, refused to sign the extension agreement, thereby withdrawing any consent he may have previously given. Having consented in a written stipulation in the note to any extension of time of payment, it is doubtful if he could thereafter revoke that consent. However, having already concluded that the note was based upon a consideration appellee was not a surety and secondarily liable thereon, but was primarily liable. While the extension agreement signed by Graves would not be binding on appellee, it did not have the effect of releasing appellee from his primary liability on the note.

The motion for a rehearing is granted, the judgment of the trial court reversed and judgment here rendered that appellant recover of appellee the full amount of principal, interest and attorney's fees provided for in the note sued on herein, together with costs of this and the court below.

Reversed and rendered.