**KINNEY v. JOHNSON et al.**

No. 3882.

Court of Civil Appeals of Texas. El Paso.

Dec. 7, 1939.

Rehearing Denied Jan. 11, 1940.

Gossett, Gossett & King and J. Clyde King, all of Longview, and Gibson, Stewart & Garrett, of Des Moines, Iowa, for appellant.

Wynne & Wynne and Clyde H. Hall, all of Longview, for appellee.

WALTHALL, Justice.

This case was tried on plaintiffs' fifth amended original petition and supplements thereto and defendant W. D. Kinney's first amended answer.

The suit is in trespass to try title to approximately 3½ acres of land in Gregg County, Texas.

The record shows substantially the following:

Cain Claiborne owned approximately 180 acres of land of the Isiah Beaty Survey in Gregg County, Texas. Of the 180 acres he sold and conveyed the north 50 acres, and thereafter he conveyed to Henry King the west 20 acres, of which conveyances or their locations on the ground there is no controversy, and we make no further reference to them.

In 1903 Henry King sold and conveyed by warranty deed the 20 acres to Emanuel Johnson, describing the land conveyed by metes and bounds. Emanuel Johnson immediately on the conveyance went into possession of the 20 acres. The 3½ acres of land in controversy in this suit lies to the east and adjoins the 20-acre tract purchased by Emanuel Johnson from Henry King. A fence was built along the east side of the Emanuel Johnson 20-acre tract and enclosed the 3½-acre tract with the 20-acre tract.

Emanuel Johnson died intestate in 1930, leaving surviving him as his sole heirs, his widow, Lula Johnson (who afterwards married Arthur Jones), and two children, Emanuel Johnson, Jr., and Lucillous Johnson.

This suit was filed on March 31, 1936, by Lucillous Johnson, Emanuel Johnson, Lula Jones, joined by her husband, Arthur Jones, and S. H. Killingsworth, as plaintiffs, against W. D. Kinney and one hundred and twenty others, as defendants, to recover title and possession of the 3½-acre tract and damages.

All defendants duly answered and the case was set for trial on November 4, 1936. Thereafter a compromise was agreed upon by the attorneys, but was not approved by all the defendants, one of them being defendant W. D. Kinney.

By order of the trial court this cause was severed as to all the defendants except W. D. Kinney and eight other defendants. The severed cause was numbered 10949-C, and thereafter judgment was rendered that the plaintiffs take nothing as to the defendants remaining in the severed cause.

Thereafter all the defendants remaining in this suit except W. D. Kinney were severed from the main cause.

Amended pleadings were filed and this suit went to trial with Lucillous Johnson, Lula Jones and husband, Arthur Jones, L. F. Browley, Clyde H. Hall, and S. H. Killingsworth, as plaintiffs, and W. D. Kinney as defendant.

The case was tried to the court without a jury, and on June 21, 1938 judgment was rendered in favor of the plaintiffs and against the defendant W. D. Kinney for a money judgment in the sum of $1147.50 and a recovery of the title and possession of the 3½ acres of land sued for.

Kinney filed a motion for a new trial which the court overruled. From the judgment rendered W. D. Kinney duly prosecutes this appeal.

The evidence in the case is quite voluminous and from it we make some statements which we think might throw some light on the issues presented here.

It was agreed that Cain and Ann Claiborne were the common source of title to the land involved in the suit.

There were some oil wells—apparently three oil wells—on the strip of about 3½ acres of land in controversy, and the interests of all defendants in the original suit and in this suit were in the minerals in the land, or in the oil taken from the land.

Emanuel Johnson, Sr., owned, or was in possession of and cultivated, the 20 acres of land referred to in the above statement and had owned it as there stated. He cultivated and farmed the 20 acres. The 3½-acre tract involved here was not a part of the 20-acre tract, but lay along the side of it and was enclosed with it by a fence and Emanuel Johnson, Sr., cultivated it up to the fence. Witness Cunyus testified that in 1931 he surveyed the 3½-acre tract and found the land enclosed with a good and substantial fence; the fence had been there for many years; was cultivated up to the fence. Witness Crews testified: Had known the land since 1916; it was enclosed by a fence, was cultivated each and every year from 1916 to 1930 by Emanuel Johnson; that all of such period the land was claimed by said Johnson; that witness, as did other witnesses say, said: "He never heard any person claiming that land except Emanuel Johnson and Lula"; and that he

had not heard of any one claiming the land adversely to Johnson. Witness Nichols testified: He had known the land for twenty-four years, all of which time the land was under fence, cultivated, used and claimed by Emanuel Johnson. Witness Causey testified: He had known the land for thirty years, during all of which time it was enclosed by a fence, was cultivated, occupied, used and claimed by Emanuel Johnson. Other witnesses testified to substantially the same facts as above. One witness was 48 years old, had known the land since he could first remember; that it was cultivated and claimed by Emanuel Johnson, and that he had never heard of any other claimant. Coleman Strong testified: Was 70 years of age; had owned the farm adjoining the Johnson 20 acres; knew when Johnson purchased the 20 acres; that the land had been enclosed by a fence for 40 years; that Johnson had cultivated and was claiming the land up to his fence since 1905.

Plaintiffs claimed the land under Emanuel Johnson, Sr., under the statute of twenty-five year limitation.

W. D. Kinney claimed by purchase of date December 29, 1933 $^{3}\%_{60}$th part of the royalty interest in the mineral rights in the I. Beaty Survey, same being a portion of the Cain and Ann Claiborne estate, not embracing, however, the 20 acres owned by Johnson. Kinney also had a royalty interest in the same land as above, but not embracing any part of the 20 acres owned by plaintiffs. Kinney's purchase of the royalty interests in each instance was subsequent to the maturity of plaintiff's prescriptive title to the land.

The record apparently shows, as to the 3½-acre tract in controversy, that Kinney, to the extent of his royalty interest in the 3½ acres, had the record title, and that plaintiffs' rights rested in their claim of ownership of the 3½ acres under the statute of limitation of twenty-five years.

■■■ The trial court made and filed no findings of fact and conclusions of law, and in the absence of findings of fact and conclusions of law by the trial court every reasonable presumption will be indulged in favor of the judgment by the trial court, and the judgment of the court will not be disturbed on appeal where the facts necessary to sustain the judgment have support in the evidence. Trimmier v. Carlton, 116 Tex. 572, 296 S.W. 1070; Bradford v. Moseley, Tex.Com.App., 223 S.W. 171; 3 Tex.Jur. 1102.

■■■ The witnesses who testified to the occupation, possession and use made of the 3½-acre tract of land involved in the suit by Emanuel Johnson, Sr., are numerous. Each witness testified at length as to the opportunity for knowing the fact testified to. We have stated the evidence which we think sufficient to support the fact necessarily found by the trial court in rendering judgment that appellees, and those under whom they claim under the limitation statute of ten years, had acquired title to the land prior to the time any of the oil wells had been put down on the land in 1932. Emanuel Johnson, Sr., husband of Lula Johnson, who afterwards married Arthur Jones, and father of Emanuel Johnson, Jr., and Lucillous Johnson, died intestate in 1930. Appellant did not acquire his interest in the minerals in the land until 1933.

This case was filed by appellees on March 31, 1936, against appellant W. D. Kinney and 120 others as defendants. All parties answered and later the cause was severed as to all defendants except W. D. Kinney and the severed cause taking another and different number on the docket. So far as the record shows no objection was made by any party to such severance either before or after the order of severance was entered. Judgment was rendered and entered in the severed cause that plaintiffs "take nothing as against the above named defendants or any of them, except the oil payment as hereinafter described." The judgment shows that the oil payment referred to was given to the plaintiffs in accordance with a compromise agreement in the severed cause.

The severed cause was a suit in trespass to try title and in which each defendant claimed a separate and undivided interest in the land involved.

In the present suit appellant pleaded in bar and in abatement and estoppel the above judgment rendered and entered in the severed cause for the reason, as we understand, though several reasons are cited, that the matters were all adjudicated in the severed cause; that by reason of the judgment plaintiffs have no title; that the title to the disputed land and the oil therein is quieted in appellant's co-tenants; the judgment settled the rights of all parties, including appellant whether named in the judgment or not; and that appellees have been paid for their interest in the land and

there has been full accord and satisfaction of appellees' claim; and that by reason of which the court was in error in rendering judgment in this cause.

To sustain his position appellant refers to Article 7391 of the statutes and to many cases from our courts, including among them, Permian Oil Co. v. Smith, 129 Tex. 413, 73 S.W.2d 490; Permian Oil Co. v. Smith, 129 Tex. 413, 107 S.W.2d 564, 570; Houston Oil Co. v. Village Mills Co., Tex. Com.App., 241 S.W. 122; Stark v. Hardy, Tex.Com.App., 29 S.W.2d 967; Warren v. Houston Oil Co., Tex.Com.App., 6 S.W. 2d 341; White v. Burch, Tex.Civ.App., 33 S.W.2d 512, and other cases we have reviewed.

The record shows that appellant neither held under nor was he in privity with any of the parties in the judgment.

The facts, we think, easily distinguish this case from the facts in the cases referred to above.

■ The facts before us show that in the original suit appellees had, before severance, pending a suit against appellant and also a suit pending against all the other defendants named. Appellees were entitled to a separate trial in both of said causes and a judgment in one of said causes would not be an adjudication of the issues in the other.

■ Appellant is not holding in privity with any of the parties in the severed cause. Only the parties bound by a judgment can avail themselves of its benefits. Permian Oil Co. v. Smith, 129 Tex. 413, 107 S.W. 2d 564, 569, in which it is said: "The 'title or right of possession established' is limited to the parties bound by the judgment." In Whiteman v. Whiteman, 232 S.W. 888, 889, Judge Hodges, speaking for the Texarkana Court of Civil Appeals said: "Estoppels by judgment must be mutual, and one not bound by a judgment cannot urge it as an estoppel against another," and referred to Lamar County v. Talley, Tex.Civ.App., 127 S.W. 272; Galveston Chamber of Commerce v. Railroad Commission, Tex.Civ. App., 137 S.W. 737; 2 Black on Judgments, sec. 548; 15 R.C.L., sec. 432. Kinney was not a party to the severed suit after its severance, nor does he hold his interest in privity with any party to the judgment. Article 7391, R.C.S.; Home Trading Co. v. Hicks, Tex.Civ.App., 296 S.W. 627, and Lamar County v. Talley, supra, defining "privity."

■ It is not made to appear that the court abused its discretion in granting the order of severance. Clay County Land & Cattle Co. v. Wood, 71 Tex. 460, 9 S.W. 340; 41 Tex.Jur. 715, par. 12.

We have concluded the trial court was not in error in overruling appellant's pleas.

■■ Appellant claims to hold his record title to the royalty interest in the minerals under the heirs of Cain Claiborne purchased in 1933. Appellees claim under a separate chain of title emanating from Emanuel Johnson, Sr., who acquired title by limitation. It seems to be well established that one who acquires the record title cannot be an innocent purchaser of an outstanding title acquired by limitation. Houston Oil Co. v. Olive Sternenberg & Co., Tex.Com.App., 222 S.W. 534; Bowles v. Bryan, Tex.Com.App., 247 S.W. 276, in which the courts hold that the doctrine of bona fide purchaser has no application in a controversy between one who has acquired a title to property by adverse possession and a purchaser of the record title. 43 Tex.Jur. p. 683, par. 402.

Points not specifically discussed have been considered and are overruled.

Finding no reversible error, the case is affirmed.